## Case No. 15,908.

### UNITED STATES v. O'BRIAN.

[3 Dill. 381;¹ 19 Int. Rev. Rec. 18: 1 Cent. Law J. 11; 21 Pittsb. Leg. J. 81.]

Circuit Court, D. Kansas. Nov. Term, 1873.

CRIMINAL LAW—"FLEEING FROM JUSTICE"—LIMITATION OF PROSECUTIONS.

A "fleeing from justice" within the meaning of the act of congress limiting criminal prosecutions, is to leave one's home, residence or known place of abode, within the district, or to conceal one's self therein, with intent, in either case, to avoid detection or punishment for some public offence against the United States.

[Cited in Malme v. Handley, 81 Ala. 117, 8 South. 189.]

The defendant [Thomas M. O'Brian] was indicted under the act of February 5, 1867, § 1 (14 Stat. 383), for selling to Hines & Eaves, bankers in Leavenworth, a check drawn by the pay-master of the army of the United States, upon the assistant United States treasurer of New York, with a forged indorsement of the name of the payee thereon, with the intent by the said act prohibited. Under the plea of not guilty, the main question in the case was whether the offense was barred by the statute of limitations (1 Stat. 117, § 32; 1 Brightly, Dig. 322, § 107). To take the case out of the statute, the government relied upon the proviso that the act shall not "extend to persons fleeing from justice." In relation to this defense, the jury was charged orally as given below.

C. I. Scofield, Dist. Atty., and Thomas Ryan, for the United States.

Thos. P. Fenlon, and J. W. English, for defendant.

DILLON, Circuit Judge. The offense is charged to have been committed on the 31st day of December, 1867, and the indictment was not found until the 6th day of May, 1873, —more than five years afterwards. The indictment alleges also that the defendant is a person fleeing from justice in this district, and that he has been thus fleeing since the 1st day of December, 1869.

The limitation statutes of congress require an indictment for an offense, such as that here charged, to be found within two years from the time the offense was committed; but the statute contains a proviso, that the bar or the limitation shall not "extend to any person or persons fleeing from justice."

It becomes necessary to construe this proviso. It is in evidence that the defendant left the district of Kansas in August, 1869, and that he was afterwards publicly employed in the pay-master's department of the army in New Orleans, and that he afterwards resided for a time in Little Rock, in St. Louis, and in Colorado, where he was arrested after this indictment was found. Before August, 1869, he had resided for some years in Leavenworth, doing business as a claim agent and

¹ [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

was well known there, and evidence has been introduced by the defendant to show that after he left Leavenworth, he was seen by different citizens of that place, in the cities above named, and that his whereabouts was generally known in Leavenworth and among all his acquaintances.

There is also evidence that there was a criminal proceeding pending against him when he left Kansas, in the state court at Leavenworth for a violation of the laws of the state. There is no evidence that the defendant voluntarily returned to the district of Kansas, or had been therein since his departure in 1869.

It is necessary to determine upon the evidence, the motives of the defendant in leaving the state in the summer of 1869,—or more specifically to determine whether he at that time fled from justice.

What is "fleeing from justice," within the meaning of the statute? Having reference to the facts in this case, my answer is, it means to leave one's home or residence or known place of abode, with intent to avoid detection or punishment for some public offense against the United States. It results from, or is implied in this definition, that if the defendant left his home in Leavenworth solely to avoid the criminal justice of the state of Kansas, and not to avoid the criminal justice of the United States, this will not deprive him of the two years limitation.

The criminal codes of the general government and of the states are entirely distinct, as was held by this court in U. S. v. Hawthorne [Case No. 15,332], and in my opinion it cannot be supposed that congress intended to make any provision in respect to persons fleeing from the justice of the states.

It is implied also in the definition above given, that mere departure by the defendant from the limits of the district of Kansas, irrespective of the motives and purposes of such departure, is not a fleeing from justice. An offender may flee from justice, within the meaning of the statute under consideration, though he never left the limits of the district; as for example, by secretly concealing himself, or by not being usually and publicly known as being within it. If the defendant, after his departure from Kansas, publicly resided in various places in the United States, did not conceal his whereabouts, and kept up an open correspondence with his friends in Kansas, these facts may be properly taken into view by the jury in connection with other circumstances in evidence, in forming their opinion of his intent and purpose in leaving the state in August, 1869.

The jury found for the defendant, on the ground that the prosecution for the offense was barred.

NOTE. The decisions upon the proviso of the act of April 30, 1790, as to "fleeing from justice," are not numerous. It was decided by Chief Justice Ellsworth, in Williams's Case [Case No. 17,708], that it need not be a fleeing from prosecution already begun,—so stated by Mr. District Judge Edwards in U. S. v. Smith [Id. 16,332], which was a case in the circuit court for the district of Connecticut, 1809, and where the same view was taken. Nor need it be fleeing from process issued. U. S. v. White [Cases Nos. 16,675, 16,678, and 16,679].

Whether mere departure from the United States is a fleeing from justice, or whether if the defendant fled the district, but within two years openly returned to it, he can avail himself of the statute—see the cases above cited. The Case of O'Brian seems to be the first one which has ruled the point that the fleeing must have been from the criminal justice of the United States—and that is not sufficient if the sole motive of the defendant in leaving his known place of abode was to avoid the criminal justice of the state. The point, however, is not free from difficulty.

Although the indictment in O'Brian's Case alleged that the defendant had fled from justice, this is not necessary. The defendant may avail himself of the statute of limitations, either by special plea or under the general issue. If he pleads specially, the government may reply that he fled from justice. And under the general issue, the prosecutor may introduce evidence to bring the defendant within the exception of the statute. U. S. v. Cook, 17 Wall. [84 U. S.] 168, decided at the December term, 1872, of the United States supreme court, where the subject is fully examined by Mr. Justice Clifford; same case with valuable note, 12 Am. Law Reg. (N. S.) 682.