## E. G. COLLING v. STATE OF NEBRASKA.

FILED DECEMBER 24, 1927. No. 25804.

*J. E. Willits*, for plaintiff in error.

*O. S. Spillman, Attorney General, Donald Gallagher* and *Walter M. Crow, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

GOOD, J.

Plaintiff in error, hereinafter referred to as defendant, was prosecuted upon an information charging him with wilfully and without just cause abandoning and neglecting and refusing to support his wife and two minor children, aged 13 and 17 years. A trial resulted in a conviction and a judgment, sentencing him to imprisonment for six months at hard labor in the county jail. To review the record of his conviction he prosecutes error to this court.

Defendant urges that the offense of which he was convicted was barred by the statute of limitations, and for that reason the verdict is not supported by the evidence. The information charges the offense to have been committed on or about the 6th day of August, 1923. The evidence shows beyond question that defendant left his home, wife and two children on the 3d day of August, 1923, and never thereafter reentered his home; that at about the time he left he threw $2 upon the table and informed his wife that it was all the money he would ever voluntarily give her. He never thereafter contributed to the support of his wife. He took his personal belongings and one chair and left the home. Once thereafter he called at the home and, standing on the porch, talked to his wife, offering to give her a one-third interest in, or a third of the value of, certain real estate, owned by him in the state of Kansas, upon the condition that a divorce should be obtained by one or the other of the parties. The home was in Hastings, Nebraska, and after defendant departed therefrom he re-

mained in and about Hastings for a period of seven or eight months. He then went to the state of Kansas and from there to Missouri, where he obtained a divorce from his wife, service of process being obtained by publication. After the divorce was granted he returned to Nebraska. Thereafter he was arrested, and on his preliminary hearing was held to appear in the district court. A transcript of the proceedings of the preliminary hearing was filed in the district court on May 14, 1926, but the information upon which he was prosecuted was not filed until the 27th day of August, 1926. It will thus be seen that a period of more than three years had elapsed between the time of the abandonment and the filing of the information.

Section 9931, Comp. St. 1922, in part provides: "No person or persons shall be prosecuted for any felony (treason, murder, arson and forgery excepted), unless the indictment for the same shall be found by a grand jury, within three years next after the offense shall have been done or committed. * * * Provided, nothing herein contained shall extend to any person fleeing from justice."

In *Boughn v. State,* 44 Neb. 889, it was held that under the section of the statute above quoted an indictment must be found or information filed within the time fixed, and that it is not sufficient that the prosecution be instituted by complaint or arrest or preliminary examination within such period. This ruling was adhered to in *State v. Robertson,* 55 Neb. 41.

So far as the charge against defendant relative to abandonment and nonsupport of his wife is concerned, it is apparent that the prosecution is barred by the statute of limitations, unless, as contended by the state, defendant, during the time he was out of the state, was a fugitive from justice, so that the case is within the proviso of section 9931, Comp. St. 1922. The term "fugitive from justice," as used in statutes pertaining to extradition, is not synonymous in meaning with the term "fleeing from justice," as used in the statute of limitations. Ordinarily, in statutes relating to extradition the term "fugitive from

justice" has reference to one who has committed an offense in one state or jurisdiction and is afterwards found in another. Generally, the motive that induced his going from the state or jurisdiction, where the offense was committed, to another is immaterial. The mere fact that he has gone from the jurisdiction, where the offense was committed, into another is held sufficient to make him a "fugitive from justice," within the meaning of the extradition statute. The term "fleeing from justice," as used in the statute of limitations, has a somewhat different significance. It means to leave one's usual place of abode, or to leave the jurisdiction, where an offense has been committed, with intent to avoid detection or prosecution for some public offense.

Judge Dillon, in writing the opinion in *United States v. O'Brian*, 27 Fed. Cas. 212, No. 15908, where the question under consideration was the statute of limitations, has this to say concerning the term "fleeing from justice:" "It means to leave one's home or residence or known place of abode, with intent to avoid detection or punishment for some public offense against the United States." See, also, 26 C. J. 741.

In the instant case the record shows that for more than seven months after the commission of the offense defendant remained in and about Hastings, where he was seen daily. At the time he departed from the state no prosecution had been instituted, nor, so far as the record discloses, had any been threatened. There is nothing to indicate that defendant had any reason to anticipate or believe that any criminal proceeding was to be instituted against him. When he left the state he did not conceal the place to which he had gone. At intervals he wrote letters to his older daughter, who remained in the home of his wife, so that his place of abode was at all times known. If a prosecution had been instituted against him, he could have been extradited and returned for trial. He was not arrested until after his return to Nebraska. The facts disclosed by the record negative the suggestion that defendant was flee-

ing from justice when he departed from the state of Nebraska, and are insufficient to bring the case within the proviso of the statute.

With reference to the prosecution, so far as it relates to abandonment of and failure to support the minor child, the evidence indicates that the abandonment occurred at the same time as the abandonment of the wife, but a different rule would obtain as to the child. Departing from the home where the child was would not necessarily be an abandonment of the child. To constitute an abandonment of a child, there must be an intention to wholly abandon the child and entirely sever, so far as possible, the parental relation, and to throw off all obligations arising therefrom. 29 Cyc. 1677. It is possible that upon a subsequent trial evidence may be adduced to show that defendant exercised parental care and control over the younger daughter for some time after he departed from the home on the 3d of August. It may be that there was not a complete abandonment of the child until a period which would be within three years preceding the filing of the information. The mere failure to support the child would not constitute the offense and start the statute of limitations to running. This court has held that, to constitute the offense under the provisions of section 9584, Comp. St. 1922, there must be both an abandonment and neglect to support and both without just cause. *Altis v. State,* 107 Neb. 540.

The conclusion arrived at makes it necessary that the judgment of the district court be reversed and the prosecution dismissed, so far as it relates to the abandonment of and failure to support the wife. But, so far as it pertains to the abandonment of and failure to support the younger child, the cause is remanded for further proceedings.

Since there may be another trial, it may not be amiss to say that we have considered the other assignments of error and particularly those relating to the instructions of the court, and find them without merit.

REVERSED.

Note—On presumption of guilt from flight, see 39 L. R. A. (n.s.) 58; 25 A.L.R. 887; 8 R.C.L. 192; 5 R.C.L. Supp. 451.

As to who are fugitives from justice, see 51 L.R.A. (n.s.) 668; 13 A.L.R. 415; 11 R.C.L. 731; 4 R.C.L. Supp. 717; 6 R.C.L. Supp. 671.