STATE OF NEBRASKA, APPELLEE, V. WALTER L. CHAMLEY, APPELLANT.
391 N.W.2d 99

Filed August 1, 1986. No. 85-883.

William M. Vilmont, for appellant.

Robert M. Spire, Attorney General, and Janie C. Castaneda, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Walter L. Chamley, defendant-appellant, was convicted in the district court for Sarpy County, Nebraska, of driving while intoxicated, in violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1984). He was sentenced to 7 days in jail and ordered to pay a fine of $200. In addition, the trial court suspended his driver's license for 6 months. Defendant appeals, alleging that the trial court erred in failing to suppress evidence against defendant and in construing Neb. Rev. Stat. § 29-827 (Reissue 1985) as permitting the State to appeal to the district court a motion to suppress evidence which had been sustained by the county court. We affirm.

We first determine the procedural aspects of the case. Defendant was charged in the county court for Sarpy County with a violation of § 39-669.07. Defendant filed a motion to suppress the evidence against him on the grounds that the arresting police officer did not have reasonable grounds to stop defendant before arresting him. A hearing was held in the county court. The county judge sustained the motion to suppress, holding there was no probable cause to stop defendant before his arrest.

The county attorney then filed a motion to dismiss the action pending against defendant in the county court, without prejudice, pursuant to § 29-827. The motion gave notice to the court "that any property in question in evidence herein will be required as evidence in the District Court of Sarpy County, Nebraska."

The county attorney then, on April 25, 1985, filed a direct information against defendant in the district court. The direct information charged the same offense as that charged against defendant in the county court.

Defendant then filed a motion to quash the direct

information and a motion to suppress the evidence against him. In his motion to quash, defendant alleged that his motion to suppress, involving the same set of facts as those reflected in the direct information, had been sustained in the county court, and asserted that the county court's suppression order constituted res judicata and that to permit the direct information to stand against defendant would constitute a denial of due process under the Nebraska and U.S. Constitutions. Defendant is in error in his contentions.

Section 29-827 provides:

> Where motions to suppress and for the return of seized property are made in courts inferior to the district court in cases involving violations of state laws, the county attorney may give notice to such court that the property in question will be further required as evidence, may then dismiss the action in such court and refile the complaint in the district court. . . .

Defendant contends that, unlike Neb. Rev. Stat. § 29-824 (Reissue 1985) which authorizes the State to appeal to the Nebraska Supreme Court from orders suppressing evidence in the district court, § 29-827 does not authorize any appeal by the State from orders of the county court to the district court. Defendant contends that § 29-827 permits the State to transfer a case from a county court to a district court after a defendant has filed a motion to suppress evidence in the county court, but only before the county court has ruled adversely to the State on such motion. It is defendant's position that the county court order is res judicata, which in the criminal context of this case apparently means that further proceedings on that issue would constitute double jeopardy.

Defendant specifically contends that § 29-827 does not authorize the State to appeal county court orders sustaining motions to suppress evidence. Section 29-827 does not authorize an "appeal" from such orders, but merely codifies the State's right to dismiss any charge without prejudice and refile such charge, either in the same, or another, court; providing, of course, that jeopardy has not attached at the time of the dismissal. The defendant in this case had not been placed in jeopardy at the time of the hearing on the motion to suppress

evidence which he had filed. As stated in *Breed v. Jones*, 421 U.S. 519, 531, 95 S. Ct. 1779, 44 L. Ed. 2d 346 (1975), "Jeopardy attached when respondent was 'put to trial before the trier of the facts,' 400 U.S., at 479, that is, when the Juvenile Court, as the trier of the facts, began to hear evidence." Similarly, we hold that jeopardy, within the meaning of article I, § 12, of the Constitution of the State of Nebraska, attaches when a judge, hearing a case without a jury, begins to hear evidence as to the guilt of the defendant in the case.

In this case the trier of the facts (the county court) had not begun to hear evidence on the charge against defendant. Instead, the court was disposing of a preliminary motion filed by defendant. The court's actions did not amount to an acquittal after a trial, but merely disposed of a procedural motion initiated by the defendant. We hold that the terms of § 29-827 permit the State to dismiss a charge filed against a defendant in a county court and to refile the same charge in the district court after an order of the county court has sustained a defendant's motion to suppress evidence, provided that defendant has not been placed in jeopardy at the time of the dismissal.

With respect to defendant's contention that the district court erred in denying defendant's motion to suppress, we hold that the evidence fully supports the court's order. In *State v. Harris*, 205 Neb. 844, 852, 290 N.W.2d 645, 650 (1980), we stated:

> We have frequently held that where the evidence is conflicting regarding a motion for the suppression of evidence, the decision upon the motion is for the trial court and its decision will not be reversed on appeal in the absence of a showing of an abuse of discretion.

In *State v. Ebberson*, 209 Neb. 41, 44, 305 N.W.2d 904, 907 (1981), we held: "The test of whether an investigative stop is justified is whether the police officer has a reasonable suspicion founded upon articulable facts which indicate that criminal activity has occurred or is occurring and that the suspect may be involved."

In this case the police officer who stopped defendant had clocked defendant on radar at a speed of 43 m.p.h. in a 35 m.p.h. speed zone. In addition, while stopping defendant, the

police officer observed defendant's car swerve, although staying within its proper lane. Defendant presented evidence that due to the configuration of the road where he was stopped, the radar reading was not possible to obtain and that his automobile could not have reached the speed indicated. A question of fact was presented. It was resolved adversely to defendant. There was no showing of an abuse of the discretion of the trial court in refusing to suppress the evidence against defendant.

Insofar as defendant assigns as error that his conviction "was a substantial miscarriage of justice," he apparently takes the position that the evidence was not sufficient to convict him. The evidence shows that, in addition to the fact that the arresting officer testified that in his opinion defendant was intoxicated, the chemical analysis of the breath test of defendant showed that defendant had .182 percent by weight of alcohol in his blood. The evidence fully supports the defendant's conviction and sentence. The judgment of the district court is affirmed.

AFFIRMED.