STATE OF NEBRASKA, APPELLEE, V. RALPH E. THOMAS, APPELLANT.
459 N.W.2d 204

Filed August 10, 1990.   No. 89-874.

Rodney W. Smith for appellant.

Robert M. Spire, Attorney General, and Alfonza Whitaker for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Following a jury trial on July 6, 1989, the defendant-appellant, Ralph E. Thomas, was convicted in the district court for Knox County on the charge of failure to appear, in violation of Neb. Rev. Stat. § 29-908 (Reissue 1989). Defendant was sentenced to imprisonment for 1 year, to be

served consecutively to a sentence previously imposed for a conviction of assault.

On appeal to this court, defendant assigns as error the actions of the trial court (1) in failing to grant defendant's motion for directed verdict in that the evidence was not sufficient to support defendant's conviction, particularly on the issue of the applicability of the statute of limitations; (2) in giving a certain jury instruction and in rejecting defendant's proposed instruction on the same issue; (3) in failing to release defendant because he was denied his right to a speedy trial; (4) in the trial judge's refusing to recuse himself; and (5) in permitting the State, during defendant's trial, to reopen its case in chief after resting. We affirm.

On January 21, 1981, defendant was convicted in the district court for Knox County of the crime of first degree assault. He was sentenced to 3 to 5 years' imprisonment. A timely appeal was taken to this court. On April 20, 1981, a hearing was held on the question of defendant's release on bond during the pendency of the appeal. Defendant appeared at this hearing with his then attorney. At this hearing, the trial court specifically advised defendant as follows:

> I am, for the record, advising you, Mr. Thomas, I'm sure you are aware of this, but the law requires that I advise you that it is a separate felony to fail to appear when ordered by the Court and it will be a part of the order that you appear before this Court if your sentence is affirmed immediately and bond would be conditioned on that.

This verbal order of the court was reflected in the journal entry signed by the court.

On April 23, 1981, defendant executed the bond and was released pending determination of his appeal.

This court affirmed defendant's conviction and sentence in *State v. Thomas*, 210 Neb. 298, 314 N.W.2d 15 (1981). The mandate of this court was issued on January 19, 1982, and received by the clerk of the district court for Knox County on the following day.

Defendant did not appear in the Knox County Court to serve his sentence. At a hearing on February 16, 1982, the court

ordered that defendant's bond be forfeited and a bench warrant be issued for defendant's arrest. At that time, after hearing evidence, the trial court found that "the defendant Ralph Eugene Thomas has been advised by the affirmance of the Supreme Court of his conviction and sentence and of the necessity to surrender himself to the sheriff of Knox County."

On September 11, 1987, the county attorney for Knox County filed in district court a pleading entitled "Information for: Failure to Appear Class IV Felony Under Section: 29-908 Penalty Section: 29-908." Prior to this filing, no complaint had been filed in the county court, and this information was treated by the court and the parties as an information (called a direct information in this jurisdiction, see, State v. Dail, 228 Neb. 653, 424 N.W.2d 99 (1988); State v. Chamley, 223 Neb. 614, 391 N.W.2d 99 (1986)). A direct information requires a preliminary hearing. This direct information also alleged that defendant had been arrested on May 16, 1986, and on May 2, 1987, in Denver, Colorado, on misdemeanor charges. The record before us does not show any service of this pleading.

Defendant began serving the sentence for his 1981 assault conviction on March 3, 1988, in Nebraska. On November 29, 1988, defendant filed a motion to dismiss the charge of failure to appear in this case, alleging, inter alia, that he had been denied the right to a speedy trial as guaranteed by the sixth amendment to the U.S. Constitution and as required pursuant to Neb. Rev. Stat. § 29-1207 (Reissue 1989). The statute requires that a defendant be brought to trial within 6 months "from the date the indictment is returned or the information filed." The court overruled defendant's motion, stating "the defendant has failed to request, in writing, the final disposition of the untried Information pending against him in the District Court of Knox County, Nebraska in Case No. 11312, through the Director of the Department of Correctional Services, as required by Section 29-3803 . . . ."

A hearing was held in the Knox County District Court on April 17, 1989, with defendant and his counsel present. At the beginning of the hearing the court identified the hearing as the "Preliminary hearing on Information filed September 11, 1987." Defendant's counsel stated to the trial court that

defendant "should properly be before the Court on a Complaint" and that "[w]e have no objection to proceeding if we're allowed to reserve any rights that we may have prior to the filing of the Information in district court." The trial court responded:

THE COURT: I don't really see that it makes any difference whether the preliminary hearing is held in county court or district court. You have the same rights regardless. If there's a bindover then you have the same rights as if the preliminary hearing was held in county court.

The court found probable cause that a crime had been committed and bound defendant over for trial in district court. After the bind-over order, the State filed an information on May 15, 1989. Defendant was arraigned on this information on May 15, at which time he waived notice of the filing and pled not guilty to the charge of failure to appear.

On July 5, 1989, defendant filed two motions. In the first, defendant moved that the court "recuse itself from the hearing of the trial . . . for the reason that the Defendant filed an action in the United States District Court for the District to Nebraska entitled Ralph Thomas, Plaintiff vs. Merritt C. Warren, et.al., Defendants . . . ." In the second motion, defendant moved for an order of discharge because he had not been brought to trial "within the time allowed by R.R.S. 29-1207."

On July 6, 1989, the case came on for trial. Defendant's two motions were argued and submitted to the court before the trial began. As to the first motion, the trial judge stated that he had not received any notice of suit, but that, in any event, he had no bias or prejudice toward defendant and was able to preside over a jury trial. The trial judge denied the motion that he recuse himself.

The trial court also overruled the second motion, stating:

THE COURT: All right. The Court takes judicial notice of the file and notes that the original Information filed September 11, 1987 was actually in the nature of a Complaint. The operative Information that was filed after preliminary hearing in the District Court of Knox County was filed May 15, 1989, and trial is being held less

than two months thereafter. So the Motion to Discharge will be overruled.

A jury was then selected and sworn. The State adduced testimony from two witnesses and certain documentary evidence and rested. Defendant then moved for a directed verdict, contending that the prosecution was barred by the statute of limitations as set out at Neb. Rev. Stat. § 29-110 (Reissue 1985), which provides:

No person or persons shall be prosecuted for any felony . . . unless a complaint for the same shall be filed before the magistrate within three years next after the offense shall have been done or committed and a warrant for the arrest of the defendant shall have been issued . . . *Provided*, nothing herein contained shall extend to any person fleeing from justice . . . .

The court then granted the State's motion to withdraw its rest and permitted the State to adduce evidence on the issue of whether defendant fell within the "fleeing from justice" exception to the statute of limitations. The State adduced such evidence and again rested. Defendant offered no evidence at trial and rested. Defendant then renewed his motion for a directed verdict. The motion was overruled. The case was submitted to the jury, which returned a verdict of guilty on the failure to appear charge.

With regard to his first assignment of error, defendant contends that he was entitled to have a verdict directed in his favor because the statute of limitations bars prosecution for the offense with which defendant was charged. Defendant contends that the evidence in this case is insufficient to support a finding that defendant falls within the "fleeing from justice" exception to the statute of limitations.

In his argument that the statute of limitations has run, defendant relies on *Colling v. State*, 116 Neb. 308, 217 N.W. 87 (1927). In *Colling*, we stated that the term "fleeing from justice," as used in the statute of limitations, "means to leave one's usual place of abode, or to leave the jurisdiction, where an offense has been committed, with intent to avoid detection or prosecution for some public offense." *Id.* at 311, 217 N.W. at 88. Defendant implies that the "fleeing from justice" phrase in

§ 29-110 can be applied only to those persons fleeing from prosecution and not to those fleeing from the court to avoid punishment for a crime of which they have been convicted.

Such a contention is frivolous. The State obviously has a vital interest in seeing that justice is not thwarted by convicted defendants fleeing to avoid a legal sentence imposed after appropriate proceedings in a Nebraska court. We hold that in § 29-110 the phrase "fleeing from justice" means to leave one's usual abode or to leave the jurisdiction where an offense has been committed, with intent to avoid detection, prosecution, or punishment for some public offense. We note the *Colling* opinion relied on essentially the same language referring to "punishment" in *United States v. O'Brian*, 27 F. Cas. 212 (C.C.D. Kan. 1873) (No. 15,908). In this case, the State is concerned with the defendant's fleeing to avoid the punishment levied on him in the underlying assault case, not, as defendant would have it, with defendant's fleeing to avoid prosecution for the § 29-110 violation.

The trial court will direct a verdict in a criminal case only if there is a complete failure of evidence to establish an essential element of the crime charged or the evidence is so doubtful in character and lacking probative value that a finding of guilt based upon such evidence cannot be sustained. *State v. Brown*, 235 Neb. 374, 455 N.W.2d 547 (1990).

In this case, a verdict could be directed only if the State has failed to establish that the statute of limitations does not apply, and the evidence is so doubtful in character and lacking probative value that a finding that defendant was fleeing from justice cannot be sustained.

The evidence that defendant was fleeing from justice was circumstantial in nature, but was uncontroverted, since the defendant offered no evidence. The State's evidence adduced at trial included testimony of the hearing on defendant's release from custody in 1981, pending appeal of his assault conviction. At that hearing, the district court informed the defendant that if the conviction and sentence were affirmed on appeal, defendant's failure to appear before the court would constitute a felony.

Evidence was adduced that the defendant did not appear as

ordered when the mandate was issued in the case. Defendant's attorney had sent the defendant notice, to the address defendant provided, of the Supreme Court's mandate. That address was the home of defendant's parents. Defendant's attorney explained that in the notice sent to the defendant, defendant was informed that his conviction and sentence had been affirmed and that he was to appear immediately before the court. Defendant's attorney received no response from the defendant, and the notice was never returned.

Notice of the February 16, 1982, hearing was also sent to the person who had advanced the $2,500 cash for the 10-percent payment on defendant's $25,000 bond on appeal, and no response was received from that person.

Testimony at trial showed that the Knox County Sheriff's Department had searched for the defendant on several occasions at his parents' house and at the house of his children and then wife, as well as throughout Knox County. Such evidence is not so doubtful in character or so lacking in probative value that it cannot sustain a finding that defendant was fleeing from justice. The evidence presented a question of fact and was properly submitted to the jury. In reviewing a criminal conviction, the Supreme Court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence. Such matters are for the finder of fact, and the verdict must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that conviction. *State v. Zaritz*, 235 Neb. 599, 456 N.W.2d 479 (1990).

Upon construing the evidence in favor of the State, a jury could find that defendant departed from his usual abode with intent to avoid detection, apprehension, and punishment. There was sufficient evidence for a jury to conclude that defendant was fleeing from justice. Defendant's contention that prosecution of the offense of failure to appear was barred by the statute of limitations is without merit.

With respect to defendant's speedy trial claim, § 29-1207(2) requires that a defendant be afforded a trial within 6 months of the day "the indictment is returned or the information filed." We agree with the trial court that trial was held within the

requisite time period. The operative information on which the case was tried was filed on May 15, 1989, and trial was held on July 6. Defendant's attorney, after noting that the pleading filed September 11, 1987, was called an information, pointed out at the preliminary hearing that the "matter should properly be before the Court on a Complaint" and that defendant would not object to proceeding with the hearing as long as defendant reserved any rights he might have prior to the filing of the information, in reference to Neb. Rev. Stat. § 29-1607 (1989), which requires a preliminary hearing before an information is filed. Defendant's counsel was fully aware of the facts that the pleading filed September 11, 1987, was actually in the nature of a complaint and that an information would properly be filed after the preliminary hearing. That information was filed on May 15, 1989, within 6 months of trial. Defendant's assignment of error is without merit.

Defendant next contends that the time between the filing of the initial information on September 11, 1987, and the preliminary hearing on April 17, 1989, constituted inexcusable delay, in violation of Neb. Rev. Stat. § 29-504 (Reissue 1989). Defendant was not extradited to Nebraska until March 2, 1988. The total time that elapsed between the date defendant returned to Nebraska and the date of the preliminary hearing was approximately 13 months.

Section 29-504 requires that "[w]hen the complaint is for a felony, upon the accused being brought before the magistrate, he shall proceed as soon as may be, in the presence of the accused, to inquire into the complaint."

We have said that this provision means that the accused must be brought before a magistrate as soon as is practical under the existing circumstances. *State v. Ellis*, 184 Neb. 523, 169 N.W.2d 267 (1969); *State v. O'Kelly*, 175 Neb. 798, 124 N.W.2d 211 (1963). "There can be no precise length of time after a legal arrest of a person charged with a crime in which he must be given a hearing." *O'Kelly, supra* at 813, 124 N.W.2d at 220. In *Ellis*, the Supreme Court stated:

There might be some question as to whether a preliminary hearing, standing by itself, comes within the ambit of the constitutional guarantee of a speedy trial.

Nevertheless: "This guarantee is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of the accused to defend himself."

*Id.* at 525-26, 169 N.W.2d at 268 (quoting *United States v. Ewell*, 383 U.S. 116, 86 S. Ct. 773, 15 L. Ed. 2d 627 (1966)). While undue incarceration before trial and public accusation would be material under many circumstances, those factors are not controlling here. During the period between March 3, 1988, and April 17, 1989, defendant was incarcerated in the state penitentiary, serving a legal sentence for a previous felony conviction. Defendant did not seek the remedies available to him in such circumstances under Neb. Rev. Stat. § 29-3803 (Reissue 1989). There is no contention that defendant's ability to defend himself was impaired. Defendant offered no evidence on his own behalf. While we do not condone the 13 months' delay between the time defendant was returned to custody and the time of the preliminary hearing, defendant has failed to show that such delay was oppressive or prejudicial. Defendant's assignment of error is without merit.

Defendant also contends that the trial judge erred in not granting defendant's motion for disqualification. Defendant maintains that the trial judge should have recused himself from the case because the judge was named a party to a federal suit brought by defendant. A motion to disqualify a judge on the ground of bias or prejudice is addressed to the discretion of the judge, and an order overruling such a motion will ordinarily be affirmed on appeal unless the record establishes bias or prejudice as a matter of law. *State v. Ellefson*, 231 Neb. 120, 435 N.W.2d 653 (1989). The defendant has not presented any evidence of bias or unfair prejudice, and this assignment of error is without merit.

In support of his assignment of error contending that the court erred in instructing the jury, defendant states:

The Defendant takes exception with the Court's instruction and particularly in Paragraph 3 where it provides "that the Defendant did flee from justice and

conceal himself to avoid serving the sentence for the crime of assault in the First Degree during the period from December 28, 1981 until March 3, 1988" and that portion of Paragraph 4 which provides "that the Defendant did flee from justice and conceal himself to avoid serving such sentence during the period from December 28, 1981 until March 3, 1988."

Brief for appellant at 17.

Such a characterization of the court's instruction is a gross distortion and is taken out of context. Paragraphs 2, 3, and 4 of instruction No. 4 stated as follows:

You are instructed that the words "fleeing from justice" as used in the law of Nebraska implies [sic] a departure by a person from his usual place of abode or from the place where he has committed an offense, with the intent to avoid detection, prosecution, or punishment for a crime.

You will first consider this question, and if the state has failed to prove from the evidence beyond a reasonable doubt that the defendant did flee from justice and conceal himself to avoid serving the sentence for the crime of Assault in the First Degree during the period from December 28, 1981 until March 3, 1988, then it would be your duty, without going any further into the evidence, to find the defendant not guilty.

If, however, you do find from the evidence and beyond a reasonable doubt that the defendant did flee from justice and conceal himself to avoid serving such sentence during the period from December 28, 1981 until March 3, 1988, then you shall further consider all of the evidence in the case and determine the guilt or innocence of the defendant upon the charge of Failure to Appear in accordance with the remaining instructions.

These paragraphs precisely and properly set out the applicable law in this case. Defendant's contention to the contrary is without merit.

In his last assignment of error, defendant contends that the trial court erred in allowing the State to withdraw its rest made at the conclusion of the State's evidence, after defendant had moved for a verdict of acquittal. In *State v. Putnam*, 178 Neb.

445, 448-49, 133 N.W.2d 605, 608 (1965), we held: "Even in criminal prosecutions the withdrawal of a rest in a trial on the merits is within the discretion of the trial court." We approved that statement in *State v. Vejvoda*, 231 Neb. 668, 438 N.W.2d 461 (1989).

In this case, the court did not abuse its discretion in permitting the State to withdraw its rest.

The judgment of the district court is affirmed.

AFFIRMED.