STATE OF NEBRASKA, APPELLEE, V. GEORGE L. SHEPARD,
APPELLANT.

477 N.W.2d 567

Filed December 6, 1991.    No. 90-673.

George L. Shepard, pro se.

Don Stenberg, Attorney General, and Mark L. Ells for
appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN,
GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

After jury trial, defendant was convicted of sexual assault in
the first degree, in violation of Neb. Rev. Stat. § 28-319
(Reissue 1989), and of manufacturing child pornography, in
violation of Neb. Rev. Stat. § 28-1463.03 (Reissue 1989). A
posttrial hearing was held before the trial court, and the court
found that defendant's conviction for first degree sexual assault
was defendant's second conviction for that offense. After a

hearing, the trial court found defendant was not a mentally disordered sex offender. The court sentenced defendant to 40 years' imprisonment on the sexual assault charge, with the further provision that defendant would not be eligible for parole, pursuant to § 28-319(3), and to 10 years' imprisonment on the child pornography charge. The sentences were ordered to be served consecutively, and credit for jail time served was allowed.

Defendant, acting pro se, timely appealed. In this court defendant assigns 11 errors. As discussed below, we determine that none of the assigned errors have merit and that there is no plain error in the record. We affirm the convictions and sentences of defendant.

Difficulties were presented in the trial of this case, and in our review, because of defendant's insistence that he represent himself. The trial judge made every possible effort, without success, to persuade defendant to accept counsel, and exhibited great patience and impartiality in the face of defendant's ineptitude in defending himself and defendant's specific allegations that the judge had been bribed. Defendant voluntarily and intelligently elected to represent himself. In our review, we will deal with all of defendant's claims properly preserved, as best those claims may be discerned in defendant's wide-ranging, and in most instances inapposite, contentions.

We first note that a defendant has the right to represent himself if he voluntarily and intelligently elects to do so. See, Neb. Const. art. I, § 11; *State v. Kirby*, 198 Neb. 646, 254 N.W.2d 424 (1977); *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). Defendant had some knowledge of the criminal process, since he had represented himself in a proceeding in this court. See *State v. Shepard*, 208 Neb. 188, 302 N.W.2d 703 (1981).

Once a defendant determines to represent himself, however, he assumes a great responsibility to himself to do so competently and properly and within rules and procedures set out for fully trained professional lawyers. As this court has said many times, "if a defendant chooses to represent himself he 'must be held responsible for his ineptness of counsel even though that counsel was himself.' " *State v. Stickney*, 222 Neb.

465, 467, 384 N.W.2d 301, 302 (1986), quoting from *State v. Brashear*, 201 Neb. 582, 270 N.W.2d 924 (1978). Or, as set out in *State v. Spotted Elk*, 227 Neb. 869, 876, 420 N.W.2d 707, 712 (1988), "a criminal defendant who proceeds pro se is held to the same trial standard as if he or she were represented by counsel."

Among the assignments of error is one contending that the evidence was insufficient to support a guilty verdict. In view of this allegation, we have examined the entire bill of exceptions, consisting of 752 pages. We have stated:

> In reviewing a criminal conviction, the Supreme Court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence. Such matters are for the finder of fact, and the verdict must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that conviction.

*State v. Thomas*, 236 Neb. 84, 90, 459 N.W.2d 204, 209 (1990).

Viewed in that light, the record shows the following: At about 7 a.m. on December 7, 1989, the mother of the child victim took the child to her regular babysitter. At that time the child was approximately 3 years 10 months old. Later that day, the child was taken by the babysitter's daughter, Christine Babb, to defendant's residence for the purpose of taking pornographic photographs. Twelve photographs of the child, in various poses and all showing the child undressed from the waist down, were taken. Two of the photographs appear to show the naked defendant sexually penetrating the child.

The child was returned to the babysitter's house later and was picked up by the child's mother about 4:30 p.m. On the way home, the child told her mother that "George licked my butt" and that George had stuck "that thing in her butt" that her father and her brothers have. The child referred to her vaginal area as her "butt." The mother then returned to her home, and the child was taken to the hospital. The child repeated much the same story to the doctor at the hospital and later that evening, at about 10:15 p.m., to an investigator with the Douglas County sheriff's office.

The evidence, particularly the photograph of the naked defendant together with the child unclothed from the waist

down, establishes beyond any doubt that defendant is guilty of a violation of § 28-1463.03, forbidding child pornography. Defendant admitted as much when, in giving his final argument to the jury, he stated:

> I admit being guilty of manufacturing. I admit I was wrong. I made a mistake. I deserve to be punished for that, but I don't believe I should be punished for a crime I did not commit. . . . Those pictures were took to pay off a trailer who was within a week of being repossessed.

In a crafty approach to the defense of the more serious crime of sexual assault in the first degree, defendant seizes on what is probably the only possible defense available to him on that charge. Defendant contends that the State did not prove any sexual penetration of the child victim by defendant. In that allegation, defendant is in error.

First of all, one photograph admitted in evidence depicts defendant inserting his penis in the child's vagina, and one depicts defendant inserting his penis in the child's anus. Defendant contends the pictures do not reflect penetration, but only the simulation of penetration. In support of his theory, defendant called a certified photographer to testify. The photographer, as an expert, testified generally that by taking pictures at different angles, dimensions could be made to appear different than they actually were. The photographer did not testify as to the pictures of defendant and the child victim, except to note that the victim appeared to him to be about 8 years old rather than 3. Although the photographer's testimony might be used to support an argument that the photographs of defendant and the child did not show penetration, apparently the jury did not believe that contention.

Other evidence established penetration. Such evidence included the child victim's statements to her mother, a doctor, and a deputy sheriff concerning the recent startling events that had happened, and the testimony of one of defendant's female companions, who had taken some of the photographs, that one picture showed "his penis inserted into her butt." Further evidence, if believed, established that defendant was alone with the child for some time.

In addition, defendant ignores the fact that penetration need

not necessarily be penile penetration to constitute penetration sufficient to establish a violation of the criminal statute forbidding sexual assault in the first degree. See Neb. Rev. Stat. § 28-318(6) (Reissue 1989).

The evidence of defendant's guilt is overwhelming. Most of the legal points argued by defendant were not preserved at trial and need not be discussed herein.

Others of defendant's assignments may be discussed briefly. Defendant contends he was "[d]enied proper access to the Courts by refusing defendant access to the law library to prepare and research for an adequate hearing in the defense of his up and coming trial in pro se, thereby dening [sic] the defendant due process, and misconduct of legal advisor." There is nothing in the record to support defendant's contention in this regard. First of all, defendant had the services of an experienced criminal trial lawyer at all times throughout the trial. This lawyer was denominated a "technical advisor" and was available to defendant. Defendant's only mentions in his brief complaining of this arrangement were that "[t]he conduct of the Public defender was gross" and that the public defender had not filed a motion to suppress. Brief for appellant at 8. It epitomizes defendant's contentions that he specifically refused the services of an attorney and now complains of the attorney's failure to act.

With regard to the lack of access to a library, there is nothing in the record to support this allegation. The record shows that early in the proceedings defendant requested a 30-day continuance, which was granted. Then, on May 3, 1990, the trial court set the trial for June 4, 1990, without objection by defendant. Defendant was before the court on May 22 and 24, 1990, and did not give any indication he was having any difficulty preparing for trial, nor did he ask for a continuance. Defendant was before the court twice, on May 31 and again on June 1, and did not complain or seek a continuance.

On the first day of trial, defendant again confirmed he wanted to represent himself. On the same day, defendant did seek a continuance of the trial, but only for the purpose of seeking additional time to pursue his motion to disqualify the trial judge, a matter discussed below. After the jury was

selected, defendant asked for and received additional time to prepare his opening statement. There is no merit to defendant's assignment of error in this regard.

Among defendant's assignments of error is "Motion to recuse Judge was proper, so not to deny due process." In this connection, at a hearing on one of defendant's many motions, defendant sought recusal of the judge and told the trial judge that defendant had "received a statement of evidence that you, yourself [the trial judge], had received a pay-off." The trial court granted defendant two separate hearings on this issue and the record made does not support defendant's contentions in any way. We have held that a motion requesting a judge to recuse himself on the grounds of bias or prejudice is addressed to the discretion of the judge, and an order overruling such a motion will be affirmed on appeal unless the record establishes bias or prejudice as a matter of law. See, *State v. Thomas*, 236 Neb. 84, 459 N.W.2d 204 (1990); *State v. Bird Head*, 225 Neb. 822, 408 N.W.2d 309 (1987). Further, a defendant seeking to disqualify a judge on the basis of bias or prejudice bears the heavy burden of overcoming the presumption of judicial impartiality. *State v. Bird Head, supra.*

Defendant's evidence on this issue did not present even a question of fact. His contention in this regard is without merit.

There is no basis to support any of defendant's wide-ranging contentions on this appeal. The judgment of convictions and the sentences imposed are affirmed.

AFFIRMED.