STATE OF NEBRASKA, APPELLEE, v. RICKY J. COSTANZO, APPELLANT.

454 N.W.2d 283

Filed April 20, 1990.   No. 89-418.

J. Mark Barnett for appellant.

Robert M. Spire, Attorney General, and Yvonne E. Gates for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Ricky J. Costanzo, now serving a prison term for first degree assault, claims in this appeal that the trial court erred in not granting him (1) a new trial because of newly discovered evidence and (2) postconviction relief on account of (a) ineffectiveness of counsel, (b) the State's failure to disclose exculpatory evidence, and (c) prosecutor misconduct.

The defendant's conviction and sentence in the district court for Douglas County were affirmed on direct appeal in *State v. Costanzo*, 227 Neb. 616, 419 N.W.2d 156 (1988). On this appeal, we affirm the trial court's denial of the defendant's motion for new trial. The trial court's postconviction relief ruling is reversed, and Costanzo's motion for postconviction relief is remanded to the district court for findings of fact and conclusions of law.

A motion for new trial is addressed to the discretion of the trial court, and unless an abuse of discretion is shown, its determination will not be disturbed. *State v. Whiteley*, 234 Neb. 693, 452 N.W.2d 290 (1990). A defendant who has filed a motion for new trial on the ground of newly discovered evidence has the burden to show that the alleged newly discovered evidence is of such a substantial nature that if it had been received in the original trial, it would have changed the result. *State v. French*, 200 Neb. 137, 262 N.W.2d 711 (1978). Generally, "newly discovered evidence" is evidence material to

the defense that could not with reasonable diligence have been discovered and produced at trial. *State v. Daly*, 227 Neb. 633, 418 N.W.2d 767 (1988).

To support his contention that alleged newly discovered evidence could not with reasonable diligence have been discovered and produced at trial, Costanzo points an accusing finger at the prosecutor. Costanzo claims the prosecutor intentionally withheld the victim's medical records from the defendant and intentionally chose not to call the victim's treating physicians because they could not establish causation of the victim's injuries. In his testimony, the prosecutor said he could not recall ever reviewing or having the victim's medical records in his possession. The defendant's proof on the motion for new trial falls far short of reflecting that the prosecutor had the victim's records in his possession, that the prosecutor had any control over them, or that the records were not available elsewhere. It was brought out at Costanzo's preliminary hearing, the record of which was available to the defendant's counsel prior to trial, that a treating physician testified he did not determine the cause of the victim's injuries. There was conflicting evidence as to whether the prosecutor represented that the treating physicians were not available or whether it was merely inconvenient to call them.

By denying defendant's motion for a new trial, the district court obviously concluded there was no attempt on the prosecutor's part to conceal medical evidence or to make the victim's medical records inaccessible to the defendant at the time of trial. The district court did not abuse its discretion in overruling Costanzo's motion for a new trial.

After an evidentiary hearing, the district court, without making findings of fact and conclusions of law, overruled Costanzo's postconviction relief motion and supplemental petition.

In an evidentiary hearing for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact, including the credibility and weight to be given the testimony of a witness, and the trial court's findings will be upheld unless the findings are clearly erroneous. *State v. Reeves,* 234 Neb. 711, 453 N.W.2d 359 (1990).

Without such findings of fact and conclusions of law, we are unable to reach the merits of defendant's contention that the district court erred in denying his motion to vacate or set aside his conviction. Neb. Rev. Stat. § 29-3001 (Reissue 1989) provides, in part:

Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the county attorney, grant a prompt hearing thereon, determine the issues and *make findings of fact and conclusions of law with respect thereto*.

(Emphasis supplied.)

Having granted defendant a hearing on his postconviction relief motion and supplemental petition pursuant to § 29-3001, the district court was obligated to "determine the issues and make findings of fact and conclusions of law." Accordingly, we reverse the judgment of the district court and remand this cause to that court, with directions to make findings of fact and conclusions of law in accordance with § 29-3001.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.