STATE OF NEBRASKA, APPELLEE, V. RICHARD L. KEARNS, APPELLANT.

514 N.W.2d 844

Filed April 22, 1994.   No. S-93-143.

Kirk E. Naylor, Jr., for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., BOSLAUGH, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

GRANT, J., Retired.

After a trial to the court, following defendant Richard L. Kearns' waiver of a jury, defendant was convicted on three counts of theft by deception, in violation of Neb. Rev. Stat.

§ 28-512 (Reissue 1989), or theft, in violation of Neb. Rev. Stat. § 28-511(1) (Reissue 1989). The trial court found that "the defendant did commit the alleged theft under either theory alleged." The court also found that under count I, the amount taken was $460,000; under count II, $24,508.36; and under count III, $35,000.

Each offense charged was a Class III felony, with a possible maximum penalty of 20 years' imprisonment, a fine of $25,000, or both. Defendant was sentenced to 4 years' probation on each count, to be served concurrently, subject to conditions including restitution of the amounts set out above. Defendant timely appealed to the Nebraska Court of Appeals. Pursuant to Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 1992), we removed the appeal to this court to regulate the caseloads of this court and the Court of Appeals.

In his appeal, defendant assigns a single error, contending that the trial court erred "in overruling appellant's Motion to Dismiss, and for absolute discharge, filed pursuant to the provisions of NEB.REV.STAT. §29-1205, et seq. (Reissue 1989)." We affirm the judgments of conviction and the sentences imposed.

The record before us shows the following history. On August 6, 1990, the State filed an information, in one count, against defendant. This information charged that defendant, on February 17, 1989, obtained property of other persons by deception. On August 29, 1990, defendant was arraigned and pled not guilty. The court's docket entry of February 21, 1991, states: "Def[endan]t waives speedy trial from 11-21-90 to 3-4-91. Findings on the record. Waiver accepted." On March 4, a similar entry showed that defendant waived speedy trial to March 12. On March 12, defendant withdrew his plea of not guilty and entered a plea of nolo contendere. The plea was accepted by the court, and defendant was found guilty. A presentence investigation was requested, and sentencing was set for April 29. After continuance, on May 6 defendant was sentenced to 2 to 5 years' imprisonment, with the sentence to commence on June 3.

On May 16, 1991, defendant filed a motion for arrest of judgment, on the stated grounds that "the information does

not allege an essential element of the criminal offense of theft by deception or in the alternative theft in that the Information fails to include the terms 'intent to deprive' or 'intentially' [sic] in its averments thereby failing to charge a criminal act." On May 24, the trial court entered its order sustaining the motion and vacating the judgment of conviction and the sentence. The court also, pursuant to Neb. Rev. Stat. § 29-2106 (Reissue 1989), found that there was sufficient evidence to believe defendant was guilty of an offense and ordered defendant to appear before the court on May 30 to enter into an appropriate recognizance.

On May 30, 1991, the State filed an amended information, in three counts. Count I set out the same facts as in the original information, that is, that defendant had obtained, by deception, property of others on February 17, 1989, but added allegations that defendant acted intentionally. Count II alleged that defendant had also obtained property of others, by deception, on April 20, 1989. Count III alleged a similar theft on August 4, 1989.

On June 5, 1991, defendant's counsel was permitted to withdraw, and present counsel entered his appearance. Defendant then requested a preliminary hearing, which was held on July 24. On August 2, the court found there was probable cause to believe that crimes had been committed and that defendant had committed those crimes. Defendant then moved for a continuance of his arraignment.

On August 14, 1991, defendant entered a plea of not guilty, reserving his plea in abatement filed the same day. This plea was set for hearing before another judge, who later recused himself, and then heard before the trial judge who imposed the sentence appealed from herein. The plea in abatement was heard, briefs from the parties were ordered, and on January 21, 1992, defendant's plea in abatement was overruled.

On January 29, 1992, defendant was arraigned before the initial trial judge and pled not guilty. The court granted discovery "to [the] extent allow[e]d by statute" within 30 days, and ordered that depositions could be taken by defendant "within 45 days thereafter." On January 28, defendant had filed a motion to take depositions.

On March 19, 1992, the court's docket entries show that defendant waived speedy trial "for period from 3-19-92 to 6-1-92. Findings on the record. Waiver accepted."

On May 27, 1992, defendant filed a "Motion For Recusal" of the original trial judge for the reason that defendant was going to waive a jury trial and that at the sentencing in May 1991, the trial judge had said in part: " 'I also don't feel your wife realizes that, but I can understand that. In her letter she says that, 'Dick was borrowing the money from the trust.' Well, you weren't borrowing the money from this trust. You stole the money. . . .' " Remarks at defendant's later sentencing indicate that the trust was for the benefit of defendant's wife and her sisters. On May 28, 1992, the original trial judge recused himself. On the same day, defendant waived "speedy trial from 6-1-92." Findings were made, and that waiver was accepted.

At 8:51 a.m. on September 24, 1992, defendant filed a "Motion to Dismiss." This motion asked that the court dismiss the charges against defendant and grant him "an absolute discharge from the offenses charged herein, for the reason that plaintiff has failed to provide to defendant a speedy trial as required by the provisions of §29-1207 et seq. (Reissue 1989)." This motion was set for hearing, by defendant's notice, on September 24 at 9 a.m.

Also on September 24, the bench trial on the three felony counts against defendant began. The State adduced evidence; defendant adduced evidence and rested. The next day, the State rested without adducing rebuttal evidence.

By agreement of the parties, defendant's motion to dismiss and for discharge was submitted on briefs along with briefs on the trial, and a briefing schedule was established.

On December 10, 1992, in the presence of defendant and counsel for both parties, the court overruled defendant's motion to dismiss and, as stated above, found defendant guilty of each of the three counts. On January 15, 1993, defendant was sentenced to probation with conditions as set out above.

In consideration of the legal problem before us, we first note that defendant has not raised the question of his constitutional right, under either the U.S. or Nebraska Constitutions, to a speedy trial and presents only the question of defendant's rights

under this state's speedy trial statutes, Neb. Rev. Stat. §§ 29-1207 to 29-1209 (Reissue 1989). We do not review questions concerning a defendant's constitutional right to a speedy trial when those questions were not raised in the trial court or this court. See *State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990).

Section 29-1207(1) provides: "Every person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section."

Section 29-1207(4) provides in part:

The following periods shall be excluded in computing the time for trial:

(a) . . . [T]he time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence, motions to quash the indictment or information, demurrers and pleas in abatement . . . [.]

(b) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel. . . .

We then note that defendant posits, erroneously, what he contends is an "important issue" in this case, when he states in his brief:

[I]t is clear that appellant was not brought to trial within six months, barring excludable periods, from the date of the filing of the original Information in this matter. More than two hundred days had passed, absent excludable periods, from the filing of that Information until the date appellant filed his Motion to Dismiss and trial commenced.

An important issue in this case is whether, for purposes of compliance with the Nebraska Speedy Trial Act, the time periods which ran following the filing of the original Information in this case, and prior to the filing of appellant's Motion for an Arrest of Judgment, should be combined with the time periods which ran from the filing of the amended Information until the filing of appellant's Motion to Dismiss, in calculating whether he was brought to trial within the time period required by law. In this

regard it should again be emphasized that the charge contained in the original Information, although technically deficient, is the same charge contained in count I of the amended Information.

Brief for appellant at 6-7.

With respect to counts II and III, there is no need to consider any elapsed time in connection with count I. In counts II and III, the State has set out allegations of a crime different in amount and committed at times after the crime described in count I. Counts II and III are separate crimes, and consideration of a speedy trial in connection with those crimes is separate from any consideration of count I. See *State v. Schaaf*, 234 Neb. 144, 449 N.W.2d 762 (1989), where we held that a series of separate acts, each of which was a theft, did not constitute one criminal act or a continuing offense of theft. Defendant, in this case, makes no contention to the contrary.

Considering only counts II and III, the record shows that the amended information charging those two crimes was filed on May 30, 1991. Trial was held on September 24, 1992, some 15 months 25 days later. This period of time, if no periods were statutorily excluded, obviously exceeds the 6-month, speedy trial time set out in § 29-1207(1). As stated above, § 29-1207(4), however, sets out the periods of time which "shall be excluded in computing the time for trial." Those periods of exclusion exceed the times mentioned in defendant's brief. The times to be excluded in calculating the "speedy trial" time for counts II and III, as shown by the record before us, are the following:

1. Defendant's motion for continuance from August 2 to 14, 1991—12 days.

2. Defendant's plea in abatement, filed August 14, 1991, until disposition of plea on January 21, 1992—5 months 7 days.

3. On January 29, 1992, defendant's motion to take depositions (filed January 28) was granted and 45 days allowed—1 month 15 days.

4. Defendant's specific waiver of trial from March 19, 1992, to June 1, 1992—2 months 11 days.

5. Defendant's specific waiver of trial after June 1, 1992, calculated up to trial on September 24, 1992—3 months 24 days.

These periods, when accumulated, show that 13 months 9 days was the total time to be statutorily excluded. (We note that defendant, in his brief, did not consider the waiver from June 1, 1992, to the trial date; the requested continuance from August 2 to 14, 1991; or the time defendant requested to take depositions.) Defendant, then, for the purposes of calculating his statutory speedy trial rights in connection with counts II and III, was tried 2 months 16 days after the amended information was filed.

Defendant's appeal, insofar as counts II and III are concerned, is totally without merit and really presents not a legal problem, but an arithmetical problem. Defendant's judgments of conviction and sentences on counts II and III are affirmed.

A different situation is presented as to count I. Defendant alleges that the time running, for speedy trial purposes, against count I must consist of the time running from the filing of the original one-count information plus the time running from the filing of count I of the three-count amended information. The State contends that the time, for the purposes of Nebraska's speedy trial statutes, "ceased at the end of the first proceeding and began to run anew once the correct information was filed." Brief for appellee at 8.

The question as to whether the time elapsed from the filing of the original information must be "tacked" or added to the time elapsed from the filing of the amended information need not be answered in this case. Section 29-1209 provides that "[f]ailure of the defendant to move for discharge prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to speedy trial." In this case, the original information was filed on August 6, 1990, and defendant pled nolo contendere on March 12, 1991, after having waived periods of time as set out above. During that time, defendant did not file a motion for discharge and, indeed, did not file such a motion until September 24, 1992. Defendant waived his right to a speedy trial in connection with the original information. " '[U]nder the provisions of section 29-1209 [Reissue 1989], it is incumbent upon defendant and his counsel to file a timely motion for discharge in order to avoid the waiver provided for

by that statute.' " *State v. Gibbs*, 238 Neb. 268, 275-76, 470 N.W.2d 558, 564 (1991), quoting *State v. Hert*, 192 Neb. 751, 224 N.W.2d 188 (1974). See, also, *State v. Kitt*, 232 Neb. 237, 440 N.W.2d 234 (1989); *State v. McNitt*, 216 Neb. 837, 346 N.W.2d 259 (1984).

Defendant has waived his right to a speedy trial in connection with the original information. Even though that information was technically deficient, defendant cannot refuse to avail himself of statutory remedies, or avoid statutory duties, and then contend that time has passed for the purposes of speedy trial considerations.

Defendant's judgments of conviction and sentences are affirmed.

AFFIRMED.

WHITE, J., not participating.