STATE OF NEBRASKA, APPELLEE, V. VERLE E. OLSON,
ALSO KNOWN AS TONY OLSON, APPELLANT.

568 N.W.2d 273

Filed August 12, 1997.    No. A-96-914.

Richard H. Jensen for appellant.

Verle E. Olson, pro se.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HANNON, SIEVERS, and MUES, Judges.

MUES, Judge.

## INTRODUCTION

This case involves an appeal from the district court for Kimball County's denial of a motion for postconviction relief. In 1993, the appellant, Verle E. Olson, pled no contest to a charge of attempted sexual assault on a child, a Class III felony. Olson filed a motion for postconviction relief based on allegations that his constitutional rights were violated because he received ineffective assistance of counsel and was denied bond and because the amended information, to which he pled no contest, was insufficient. The district court denied the motion for postconviction relief. For the reasons listed below, we reverse the judgment and remand the cause to the district court for

Kimball County with directions to make findings of fact and conclusions of law in support of its order of August 14, 1996.

## BACKGROUND

In June 1993, Olson was charged with first degree sexual assault on a child, in violation of Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1989), a Class II felony. The information charging Olson alleged that the victim was a female whose date of birth was June 22, 1983. At his arraignment on this charge, Olson pled not guilty.

In September 1993, Olson reached a plea agreement with the Kimball County Attorney. The agreement provided that Olson would plead no contest to an amended charge of attempted sexual assault on a child, a Class III felony. In return for Olson's plea, the county attorney agreed to not charge Olson with the sexual assault of two other children.

In October 1993, Olson was arraigned on the amended information. He pled no contest, but his plea was not accepted by the trial judge. Olson has a disability and suffers neck pain. To relieve the pain, Olson takes several medications, some of which make him disoriented. The trial judge noticed that Olson could not freely and intelligently make a plea of no contest. A new arraignment date was set, and Olson was taken back to jail. Olson's attorney, Paul Schaub, discussed the situation with Olson's doctor. The doctor told Schaub that if he was worried about Olson's mental state, he should take Olson off of the medications. On October 18 at 5:47 a.m., Olson was given his usual medications. He was not given any more medication until after the arraignment, which was held at approximately noon on October 21. At the second arraignment, Olson again pled no contest. The judge observed Olson's condition, and this time he found that Olson was capable of making a free and intelligent plea. Olson's plea was accepted, and on January 31, 1994, he was sentenced to 6 to 18 years' imprisonment. No direct appeal was taken.

In February 1996, Olson filed a motion for postconviction relief. In his motion, Olson alleged that his conviction should have been voided because his constitutional rights had been violated. Specifically, Olson alleged that his rights were violated

because the amended information, to which he pled no contest, was insufficient, because he received ineffective assistance of counsel, and because he was denied bond.

On August 14, 1996, an evidentiary hearing on the motion for postconviction relief was had. Olson was not present at the hearing but was represented by his newly appointed counsel, Randy Nielsen. At the hearing, Schaub was called to testify. Schaub testified that he explained the consequences of a no contest plea very carefully to Olson and that he believed Olson understood them. Schaub testified that he told Olson that if Olson pled no contest, Olson would get credit for time served but that he did not tell Olson that Olson's sentence would be only the time served. Schaub also testified that he reviewed all of the videotapes of witnesses and transcriptions of their statements. In addition, Schaub interviewed the alleged victim twice. He testified that he thought she would be a very convincing witness if the case went to trial. In response to information that the victim had recanted her accusation of Olson, Schaub investigated and found that the girl had told a friend that Olson had done nothing to her. However, the girl said that she told her friend that Olson had not done anything to her because it was none of her friend's business. Schaub testified that he knew that the amended information did not have the victim's birth date but that he felt a motion to make the information more particular was not in order, as he was very aware of the facts of the case. Schaub testified that he sent Olson a letter advising Olson of his right to appeal or file a motion for sentence reduction. Schaub stated he received a letter from Olson asking Schaub to file a motion for a reduction of sentence but that Olson never asked Schaub to file an appeal. In response to Olson's request for a motion for a reduction of sentence, Schaub wrote back that he believed that filing such a motion would be frivolous, and he asked Olson to advise him if he still wanted to file the motion. Schaub stated that he did not receive any further response from Olson.

The district court ruled from the bench at the conclusion of the evidentiary hearing and denied the motion. On August 14, 1996, the order denying Olson's motion was filed. Olson now appeals.

## ASSIGNMENTS OF ERROR

Two appellant's briefs were filed in this case. One, filed by Olson pro se, assigns the following errors: (1) The court erred in failing to inquire of counsel as to a possible conflict of interest; (2) the court erred in sentencing Olson to a term of 6 to 18 years' imprisonment based upon the absence of substantiated evidence; (3) the court erred in failing to allow Olson a hearing pursuant to his postconviction relief; and (4) the court erred in taking notice of Olson's state of mind one time and failing to take notice of his state of mind a second time.

The other brief was filed by Olson's appointed postconviction counsel. It assigns as error the court's denial of Olson's ineffective assistance of counsel claim, because trial counsel encouraged and allowed Olson to enter a plea of no contest to a felony offense at a time when Olson was not able to knowingly, intelligently, or voluntarily enter such a plea.

## STANDARD OF REVIEW

■ On appeal from a proceeding for postconviction relief, the trial court's findings of fact will be upheld unless such findings are clearly erroneous. *State v. Lindsay*, 246 Neb. 101, 517 N.W.2d 102 (1994).

## ANALYSIS

Our analysis of Olson's appeal must begin with a discussion of the issues placed before the district court by Olson's motion for postconviction relief. Olson's motion alleged that his constitutional rights were denied because (1) he was denied bond, (2) he received ineffective assistance from counsel, and (3) he was convicted on a no contest plea to an information that was insufficient. Olson's claim of ineffective assistance of counsel alleges that trial counsel's performance was deficient in several different areas. First, Olson alleges that trial counsel was ineffective because he failed to have a bond set from the time Olson was arrested until his second arraignment. Second, Olson alleges that trial counsel was ineffective because he failed to fully investigate the crime. Third, Olson alleges that trial counsel was ineffective because he allowed Olson to plead no contest to an information that was insufficient because it failed to include the age of the victim and of the defendant. Fourth,

Olson alleges that trial counsel was ineffective because he failed to appeal as requested by Olson and failed to file a motion for a sentence reduction. Fifth, Olson alleges that trial counsel was ineffective because he allowed Olson to plead no contest, even though Olson was not mentally capable of making such a plea freely and intelligently.

Olson's first, second, and fourth pro se assignments of error, the court's failure to inquire about possible conflicts of interest, the sentence of 6 to 18 years' imprisonment, and the court's failure to note Olson's state of mind in accepting his second plea of no contest, were not presented to the district court in Olson's original postconviction proceedings. Absent plain error, where an issue is raised for the first time in this court, it will be disregarded inasmuch as the court whose judgment is being reviewed cannot commit error regarding an issue never presented and submitted for disposition. *State v. Whitmore*, 238 Neb. 125, 469 N.W.2d 527 (1991). An appellate court will not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief. *State v. Casper*, 219 Neb. 641, 365 N.W.2d 451 (1985). Olson made no mention of a conflict of interest, an excessive sentence, or the judge's failure to notice his improper state of mind in his motion for postconviction relief, and these issues were never presented to the district court. Because these issues were never presented to the district court, the district court cannot have committed error with respect to them. We point out the impropriety of Olson's assigned errors to clarify that upon remand the district court need focus only on the issues properly presented to it at the original evidentiary hearing.

We turn now to the issues that were presented to the district court and the district court's resolution of those issues. We begin with an examination of the record before us. The record reveals that an evidentiary hearing on Olson's motion for postconviction relief was held on August 14, 1996. After considering the evidence presented at the hearing, the district court denied the motion. In doing so, the judge commented from the bench that "the allegations in Defendant's Motion for Post Conviction Relief are entirely without merit. He was afforded

every constitutional protection to which he was entitled, and the performance of his defense attorney was, in the Court's opinion, completely without flaw . . . ." The district court's order denying Olson's motion reads in pertinent part: "Evidence and exhibits were presented to the Court. The Court being fully advised in the premises, finds that the Defendant's Motion for Post Conviction Relief is without merit and is denied." Neb. Rev. Stat. § 29-3001 (Reissue 1995) requires:

Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the county attorney, grant a prompt hearing thereon, determine the issues and *make findings of fact and conclusions of law with respect thereto.*

(Emphasis supplied.)

In *State v. Costanzo*, 235 Neb. 126, 454 N.W.2d 283 (1990), the Nebraska Supreme Court held that this statute requires that a trial court must make findings of fact and conclusions of law when a postconviction evidentiary hearing is granted. Since the district court's comments do not constitute findings of fact and conclusions of law, we are unable to reach the merits of Olson's contention that the district court erred in denying his motion.

## CONCLUSION

For the reasons stated above, we reverse the decision of the district court for Kimball County and remand the cause with instructions that the district court make findings of fact and conclusions of law concerning the issues raised in Olson's motion for postconviction relief. Those issues are ineffective assistance of counsel, denial of bond, and an insufficient information.

REVERSED AND REMANDED WITH DIRECTIONS.