STATE OF NEBRASKA, APPELLEE, V. KEVIN BOSLAU, APPELLANT.
593 N.W. 2d 747

Filed April 13, 1999.    No. A-98-878.

James E. Mitchell for appellant.

Don Stenberg, Attorney General, and David T. Bydalek for appellee.

IRWIN, Chief Judge, and HANNON and SIEVERS, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Kevin Boslau appeals the judgment of the district court for Hall County denying his motion to dismiss. In his motion, Boslau requested an absolute discharge of the charge against him because he had allegedly not been brought to trial within 6 months as required by Neb. Rev. Stat. § 29-1205 (Reissue 1995). For the reasons stated below, we affirm.

## II. FACTUAL BACKGROUND

On September 25, 1997, a complaint was filed in the county court for Hall County charging Boslau with criminal mischief. A preliminary hearing was conducted on November 20, 1997, at which time Boslau was bound over to district court.

On December 1, 1997, an information was filed in the district court, charging Boslau with criminal mischief. On December 1, Boslau filed a plea in abatement in the district court. On January 21, 1998, the plea in abatement was sustained. Upon the State's motion, the case was dismissed on March 5.

On March 3, 1998, another information was filed in district court, again charging Boslau with the same crime. At Boslau's request, a preliminary hearing was conducted on April 23 and 27. On May 27, the district court found probable cause existed that the crime charged had occurred. On June 9, Boslau pled not guilty.

On July 29, 1998, the State moved to amend the information in order to add a witness. Pursuant to an order of August 5, the State was given leave to amend. The amended information was filed on August 18. On August 18, Boslau filed his motion to dismiss, in which he alleged that he had been denied his statutory right to a speedy trial. Boslau's motion to dismiss was overruled on August 19. This timely appeal followed.

## III. ASSIGNMENTS OF ERROR

For his assignments of error, Boslau contends that the district court erred in failing to discharge the case "upon the expiration of time to commence trial according to Neb. Rev. Stat. Sec. 29-1205 *et seq.* (Reissue 1995)" and in improperly progressing the case for trial in violation of his due process rights.

We note that Boslau did not raise below the question of his constitutional right to a speedy trial under either the U.S. or Nebraska Constitutions. Instead, he raised the question of his rights only under Nebraska's speedy trial statutes. An appellate court does not review questions concerning a defendant's constitutional right to a speedy trial when those questions were not raised in the trial court. *State v. Kearns*, 245 Neb. 728, 514 N.W.2d 844 (1994). See, also, *State v. Olson*, 5 Neb. App. 951, 568 N.W.2d 273 (1997) (holding that absent plain error, issue

raised for first time in appellate court will be disregarded because lower court cannot commit error regarding issues never presented or submitted to it). Having found no plain error, we do not further address Boslau's second assigned error.

## IV. ANALYSIS

We address whether Boslau's statutory right to a speedy trial under Neb. Rev. Stat. § 29-1207 (Reissue 1995) has been violated. Section 29-1207 requires discharge of a defendant whose case has not been tried within 6 months after the filing of the information, unless the 6 months are extended by any period to be excluded in computing the time for trial. *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997). To overcome a defendant's motion for discharge on speedy trial grounds, the State must prove the existence of an excludable period by a preponderance of the evidence. *State v. Borland*, 3 Neb. App. 758, 532 N.W.2d 338 (1995). As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Gibbs*, 253 Neb. 241, 570 N.W.2d 326 (1997); *State v. Turner, supra*. As to questions of law, an appellate court has an obligation to reach its conclusion independent of the determination made by the court below. *State v. Patterson*, 7 Neb. App. 816, 585 N.W.2d 125 (1998).

Boslau first argues that the time between the filing of the original information and the State's dismissal of that case must be included in calculating whether his statutory right to a speedy trial has been violated. We agree. In *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991), the Nebraska Supreme Court held that when the State dismisses an information against a defendant and subsequently files an information against the defendant which alleges the same offense charged in the previously dismissed information, the time which elapses during the pendency of the informations shall be charged against the State in determining the last day of commencement of a defendant's trial. See, also, *State v. Gibbs, supra*; *State v. Trammell*, 240 Neb. 724, 484 N.W.2d 263 (1992). In the case before us, the original information was filed on December 1, 1997. On December 1, Boslau filed a plea in abatement which was sus-

tained on January 21, 1998. Upon the State's motion, the case was dismissed on March 5. As a result of this proceeding, 43 days are charged against the State. We note that the time during which Boslau's plea in abatement was pending is excluded pursuant to § 29-1207(4)(a).

Boslau further argues that the filing of the subsequent information in district court on March 3, 1998, restarted the clock for computing the 6-month period. The State argues that because the State directly filed the subsequent information in district court and a preliminary hearing was then held after which Boslau was bound over for trial, the time for computing the speedy trial calculation did not begin to run until at least May 27, 1998, which is the date Boslau was bound over for trial.

We note that pursuant to § 29-1207(2), the "six-month period shall commence to run from the date the indictment is returned or the information filed." However, Neb. Rev. Stat. § 29-1607 (Reissue 1995) provides that "[n]o information shall be filed against any person for any offense until such person shall have had a preliminary examination . . . ."

Two Nebraska Supreme Court cases address the effect for speedy trial purposes of the State's filing an information directly in district court rather than first filing a complaint in county court. In *State v. Thomas*, 236 Neb. 84, 459 N.W.2d 204 (1990), an information was filed directly in district court on September 11, 1987. Prior to this filing, no complaint was filed in the county court. A preliminary hearing was subsequently held, and the district court bound the defendant over for trial. Thereafter, on May 15, 1989, another information was filed. The defendant eventually filed a motion for discharge in which he contended that he had not been brought to trial within the statutory 6-month period.

The *Thomas* court concluded that the pleading that was filed September 11, 1987, was actually "in the nature of a complaint," 236 Neb. at 91, 459 N.W.2d at 209; that defense counsel was aware of this; that a preliminary hearing was subsequently held; and that the operative information in the case was filed thereafter on May 15, 1989. The *Thomas* court noted that § 29-1607 requires a preliminary hearing before an information is filed. Because the May 15, 1989, information was filed within

6 months of trial, the *Thomas* court concluded that the defendant's statutory right to a speedy trial had not been violated.

In *State v. Kearns*, 245 Neb. 728, 514 N.W.2d 844 (1994), the State filed an amended information on May 30, 1991, which alleged two charges in addition to the charge alleged in the initial information. On July 24, a preliminary hearing was held at the request of the defendant. The defendant was bound over to trial on August 2. Also on August 2, the defendant moved for a continuance of his arraignment. On August 14, Kearns filed a plea in abatement which was overruled on January 21, 1992. On January 28, Kearns filed a motion to take depositions. The court ordered that the depositions be taken within 45 days. Thereafter, there were specific periods of time for which Kearns waived his right to a speedy trial. On September 24, Kearns filed a motion to dismiss, requesting an absolute discharge from the offenses charged because his statutory rights to a speedy trial had been violated. This motion was overruled, and the issue was raised again on appeal.

In concluding that the defendant's statutory time to a speedy trial had not been violated in regard to the two additional charges included in the May 30, 1991, amended information, the *Kearns* court began its calculation of the 6-month time period on May 30, 1991, the date that the amended information alleging the two additional offenses was filed. The *Kearns* court determined that after excluding the time that had elapsed as a result of the defendant's pretrial motions and his specific waivers of trial, the defendant was tried 2 months 16 days after the amended information was filed.

We find *State v. Thomas*, 236 Neb. 84, 459 N.W.2d 204 (1990), to be more persuasive. In *Thomas*, the issue of when the time should begin to run when an information is directly filed in district court was raised by the parties to the court and discussed by the court. That issue was not raised to the *Kearns* court and was not crucial to the *Kearns* decision.

Reliance on the decision in *State v. Thomas, supra,* also provides consistency in the manner in which complaints filed in county court and informations directly filed in district court are treated for speedy trial purposes. Reliance on the *Thomas* decision also recognizes the significance of the requirement in

§ 29-1607 that a preliminary hearing must be held before a true information is filed. For these reasons, we apply the *Thomas* decision to the case before us.

In the case before us, Boslau requested a preliminary hearing following the filing of the March 3, 1998, information. Therefore, it is clear that Boslau's counsel was aware that the information was in the nature of a complaint and that Boslau was entitled to a preliminary hearing. The preliminary hearing was held, and Boslau was bound over for trial on May 27. An amended information was eventually filed on August 18. In this case, the State concedes that the time chargeable against it should begin on May 27, the date at which Boslau was subject to trial.

Even accepting the May 27, 1998, date rather than the August 18 date, the 6-month period in this case has not yet expired. The time chargeable to the State is the 43 days from the filing of the original information to the dismissal of that case plus the 83 days which expired from May 27 to August 18, the date that Boslau moved to dismiss the case. For the purposes of the speedy trial statute, a period of 127 days has elapsed, which is well short of the 6-month time limit. Therefore, we conclude that the district court's denial of Boslau's motion to dismiss was not clearly erroneous.

Because Boslau's statutory right to a speedy trial has not been violated, we affirm.

AFFIRMED.