STATE OF NEBRASKA, APPELLEE, V.
KEVIN BOSLAU, APPELLANT.
601 N.W. 2d 769

Filed October 29, 1999.    No. S-98-878.

James E. Mitchell for appellant.

Don Stenberg, Attorney General, and David T. Bydalek for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
Kevin Boslau petitioned this court for further review of the decision of the Nebraska Court of Appeals, in which the Court of Appeals affirmed the order of the district court for Hall County denying Boslau's motion for an absolute discharge of the charge against him due to the State's alleged failure to bring Boslau to trial within 6 months as required by Neb. Rev. Stat.

§ 29-1207(1) (Reissue 1995). *State v. Boslau*, 8 Neb. App. 275, 593 N.W.2d 747 (1999). For the reasons stated below, we affirm the decision of the Court of Appeals.

## STATEMENT OF FACTS

The critical events pertaining to this court's analysis on further review are set forth below. On September 25, 1997, a complaint was filed in the county court for Hall County charging Boslau with criminal mischief. Boslau was bound over to district court, where an information was filed on December 1. On December 1, Boslau filed a plea in abatement. His motion was sustained on January 21, 1998. This first proceeding was dismissed on March 5.

On March 3, 1998, an information was filed directly in district court, charging Boslau with criminal mischief, a Class IV felony. See Neb. Rev. Stat. § 28-519(2) (Reissue 1995). It is the direct filing of this information in district court in the instant case which gives rise to the issues in this appeal.

In the instant case, Boslau requested and was granted a preliminary hearing, which was held on April 23 and 27, 1998. On May 27, the district court found probable cause that the crime as charged had occurred. On June 9, Boslau entered a plea of not guilty.

On July 29, 1998, the State filed a motion to amend the information to add a witness. On the same day, Boslau filed an answer, stating that he had no objection to the State's motion. The trial court granted the motion. On August 18, the State filed its amended information, adding a witness. Also on August 18, Boslau filed a motion to dismiss, alleging the State had denied him his statutory right to a speedy trial. Neb. Rev. Stat. §§ 29-1205 through 29-1209 (Reissue 1995) ("speedy trial act"). The trial court denied the motion on August 19. Boslau appealed the denial of his motion to dismiss to the Court of Appeals.

On appeal to the Court of Appeals, Boslau argued that the trial court erred in failing to dismiss the case "upon the expiration of time to commence trial according to <u>Neb. Rev. Stat.</u> Sec. 29-1205 *et seq.*," *State v. Boslau*, 8 Neb. App. at 276, 593 N.W.2d at 748, and in improperly progressing the case for trial,

in violation of his due process rights. The Court of Appeals did not address Boslau's due process argument because Boslau had failed to raise such a constitutional claim at the trial court level and no plain error was apparent.

The Court of Appeals affirmed the denial of Boslau's motion to dismiss, based on speedy trial act grounds. As the Court of Appeals noted, the speedy trial act provides that a person informed against shall be brought to trial within 6 months, § 29-1207(1); that "such six-month period shall commence to run from the date the indictment is returned or the information filed," § 29-1207(2); and that the Nebraska statutes elsewhere provide that "[n]o information shall be filed against any person for any offense until such person shall have had a preliminary examination therefor . . . ," Neb. Rev. Stat. § 29-1607 (Reissue 1995). Taking these statutes together, the Court of Appeals reasoned that the information filed directly in district court prior to a preliminary hearing, such as occurred in this case, shall be treated as a complaint and that the time for computing the speedy trial act calculation shall commence after the preliminary hearing is conducted and the defendant is bound over to trial. In its opinion, the Court of Appeals identified some ambiguity in Nebraska case law applying the speedy trial act as it pertains to informations filed directly in district court.

The Court of Appeals determined that, excluding the time during which Boslau's plea in abatement was pending in the first proceeding, 43 days were to be charged against the State attributable to the first proceeding. See § 29-1207(4)(a). With respect to the instant proceeding, the Court of Appeals determined that regardless of whether the time attributable to the instant proceeding commenced on May 27, 1998, the date on which the district court found probable cause and Boslau was subject to trial, or August 18, the date the amended information was filed, Boslau had not been denied a speedy trial. In sum, the Court of Appeals totaled the number of days Boslau had awaited trial in both the first and the instant proceedings and concluded that Boslau had not been denied a speedy trial under the speedy trial act. The Court of Appeals affirmed the district court's order denying Boslau's motion to dismiss. Boslau successfully petitioned this court for further review.

## ASSIGNMENT OF ERROR

Boslau claims, restated, in his petition for further review that the Court of Appeals erred in concluding that an information filed directly with the district court is considered a complaint prior to the preliminary hearing and that the Court of Appeals compounded its error in further determining that under these circumstances, the time period for speedy trial act purposes does not commence until after the district court has ruled at the defendant's preliminary hearing. Boslau claims that the Court of Appeals' decision violates the speedy trial act and his rights under Neb. Const. art. I, § 10, the latter of which provides that a defendant shall not be tried on a felony without first being indicted or informed against.

## STANDARD OF REVIEW

Constitutional interpretation and interpretation of a statute present questions of law. *State v. Garza*, 256 Neb. 752, 592 N.W.2d 485 (1999); *Father Flanagan's Boys Home v. Dept. of Soc. Servs.*, 255 Neb. 303, 583 N.W.2d 774 (1998). In connection with questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. Garza, supra.*

## ANALYSIS

In his brief in support of his petition for further review, Boslau challenges the Court of Appeals' determinations that an information filed directly with the district court is treated in the nature of a complaint until the finding of probable cause is made and that the commencement of the speedy trial act time period for trial is postponed until the district court rules on the preliminary hearing. Contrary to Boslau's assertion, we find no error in these determinations made by the Court of Appeals.

Section 29-1207(1) provides that "[e]very person . . . informed against . . . shall be brought to trial within six months . . . ." State statute determines when the 6-month speedy trial period runs. The speedy trial act provides that the "six-month period shall commence to run from the date . . . the information [is] filed." § 29-1207(2). However, § 29-1607 provides that "[n]o information shall be filed against any person for any

offense until such person shall have had a preliminary examination therefor . . . ." The foregoing statutes may be read together harmoniously, giving effect to each. See *Central States Found. v. Balka*, 256 Neb. 369, 590 N.W.2d 832 (1999).

Ordinarily, when an individual is charged with the commission of a felony such as criminal mischief, a complaint is filed in county court. See, generally, Neb. Rev. Stat. § 29-110 (Reissue 1995). Thereafter, a preliminary hearing is held to determine if probable cause exists to charge the defendant with the commission of the crime or crimes as alleged in the complaint. Neb. Rev. Stat. § 29-504 (Reissue 1995). If probable cause is found, the defendant is bound over to the district court, where he or she is held unless bail is set and posted. Neb. Rev. Stat. § 29-506 (Reissue 1995). Once the defendant is bound over to district court, the State files an information with the district court, setting forth the charge or charges against the defendant. Under the foregoing scenario, pursuant to § 29-1207, the statutory 6-month speedy trial period begins to run upon the filing of the information in district court which is subsequent to the preliminary hearing. § 29-1607.

Contrary to the foregoing practice, if an information is filed initially in district court, referred to as a "direct information," such filing is treated in the nature of a complaint until a preliminary hearing is held and, in conformity with § 29-1607, after the preliminary hearing is concluded, the filing will then be treated as an information for speedy trial act purposes. We note that we have previously had an opportunity to consider certain of the effects of the speedy trial act on an information filed directly in district court. In *State v. Thomas*, 236 Neb. 84, 459 N.W.2d 204 (1990), we stated, inter alia, that when the State does not file a complaint in county court, and instead files an information directly in district court, such a filing is treated as a complaint and requires a preliminary hearing. In this regard, we note that in the instant case, following the filing of the direct information, Boslau sought a preliminary hearing wherein probable cause was found. Thus, the record in this case complies with the foregoing procedure described in *Thomas*.

The statement by the Court of Appeals that the direct information is treated in the nature of a complaint prior to the pre-

liminary hearing comports with the provisions of the speedy trial act, Nebraska Constitution and other statutes, and case law. Boslau's challenge thereto is without merit.

On further review, Boslau claims generally that the effect of the Court of Appeals' decision is to deny him his constitutional and statutory rights to a speedy trial. Boslau specifically contends that to the extent the direct information is treated as a complaint, he is subject to being tried on a felony charge without having first been indicted or informed against, in contravention of Neb. Const. art. I, § 10, and § 29-1607. Boslau misinterprets the opinion of the Court of Appeals and our decision in *Thomas*.

In the context of a direct information, the filing is treated as a complaint until the conclusion of the preliminary hearing wherein probable cause is found. Thereafter, the information regains its status as a true information, and the case proceeds on the basis of the information filed in the case. In the instant case, the direct information filed on March 3, 1998, regained its status as an information on May 27, when the district court found probable cause. Therefore, Boslau had been "informed against" on the felony charge before he faced trial, and such information was effectively filed after the preliminary hearing, in accordance with Neb. Const. art. I, § 10, and § 29-1607.

For the sake of completeness, we note that in the instant case, following the preliminary hearing and after Boslau advised the court that he had no objection, the State was given leave to file an "amended information." We have held that it is unnecessary for a preliminary hearing to be held on an amended information when the amendment adds nothing "irrelevant" to the initial charge. *State v. Forbes*, 203 Neb. 349, 352, 278 N.W.2d 615, 618 (1979). In the instant case, the charge remained the same, only a witness was added, and no further preliminary hearing needed to be conducted.

At the time he filed his motion to dismiss, Boslau was scheduled to go to trial upon the amended information. Thus, at the time of trial, based on either the direct information or amended information, Boslau had been informed against after the preliminary hearing concerning the felony charge he faced. Both the direct information and the amended information provided Boslau with valid notice of the charges he faced. See *State v. Kennedy*,

251 Neb. 337, 557 N.W.2d 33 (1996). Therefore, his claim that the effect of the decision of the Court of Appeals was to deny him his constitutional and statutory rights to be informed against prior to trial on a felony charge is without merit.

Although not discussed by Boslau in his brief, we have reviewed the opinion of the Court of Appeals which aptly noted that some confusion exists in the prior decisions of this court concerning the day on which the statutory 6-month time period begins to run for speedy trial act purposes following the filing of a direct information. We take this opportunity to clarify the proper procedure.

Under § 29-1607, it is clear that the 6-month speedy trial time period cannot begin to run until after the preliminary hearing finding probable cause is held or a preliminary hearing is waived by the defendant. Prior to the finding of probable cause or until a preliminary hearing is waived, the direct information is treated as a complaint. *State v. Thomas*, 236 Neb. 84, 459 N.W.2d 204 (1990). Once probable cause is found or a preliminary hearing is waived, however, the information is transformed into a true information. For purposes of calculating the 6-month speedy trial act time period in a direct information case, the direct information should be deemed filed the day the order is entered finding probable cause or the day the defendant waives the preliminary hearing, and the speedy trial act calculations should be measured from either of these events. Pursuant to our case law interpreting the speedy trial act, the statutory 6-month speedy trial time period begins to run the day following the filing of the information, and in the case of a direct information, the day the information is filed for speedy trial act purposes is the day the district court finds probable cause or the day the defendant waives the preliminary hearing. See, *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991) (holding that final date for trial under § 29-1207 is determined by excluding date information is filed, counting forward 6 months, backing up 1 day, and then adding excludable time periods to that date); *State v. Jones*, 208 Neb. 641, 305 N.W.2d 355 (1981). Certain of our prior opinions in direct information cases have utilized without analysis the date of a second information filed following a preliminary hearing finding probable cause, e.g., *State v.*

*Thomas, supra,* or the date of an amended information filed prior to the preliminary hearing, e.g., *State v. Kearns,* 245 Neb. 728, 514 N.W.2d 844 (1994), as the commencement date for speedy trial act purposes, rather than the date of the finding of probable cause or the date the defendant waives the preliminary hearing, upon either of which dates the direct information gains its status as a true information. We now conclude that in a case where a "direct information" has been filed, the commencement of the 6-month period for speedy trial act purposes occurs upon either the finding of probable cause at a preliminary hearing or the date the defendant waives the preliminary hearing and that the 6-month period shall be calculated in conformance with *State v. Sumstine, supra.* To the extent our opinions such as *State v. Thomas, supra,* and *State v. Kearns, supra,* hold otherwise, they are disapproved.

## CONCLUSION

Having considered Boslau's assignment of error and having concluded that it is without merit, we affirm the decision of the Court of Appeals.

AFFIRMED.