STATE OF NEBRASKA, APPELLEE, V.
CONNIE S. HUTTON, APPELLANT.
648 N.W.2d 322

Filed July 9, 2002. No. A-01-530.

Thomas P. Strigenz for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HANNON, INBODY, and MOORE, Judges.

MOORE, Judge.

## INTRODUCTION

Connie S. Hutton appeals the decision of the Sarpy County District Court denying Hutton's application for discharge that was based upon an alleged violation of her statutory speedy trial rights. Pursuant to authority granted this court under Neb. Ct. R. of Prac. 11B(1) (rev. 2000), this case was ordered submitted without oral argument. For the reasons set forth herein, we affirm.

## BACKGROUND

Hutton was originally charged by criminal complaint in Sarpy County Court on July 11, 2000, with a Class IV felony, theft by shoplifting, third offense. At a preliminary hearing held on August 17, the State amended the felony complaint to a Class I misdemeanor, charging theft by shoplifting, second offense. Trial was set for October 23. On October 23, the State motioned the county court for leave to again amend the complaint and charge Hutton with the felony offense as originally charged. The Court granted the State's motion, and on the same day, Hutton entered a plea of not guilty. Also on October 23, the case was bound over to district court, and on October 31, an information was filed in Sarpy County District Court. On November 17, Hutton pled not guilty to the charge of theft by shoplifting, third offense, a Class IV felony.

On January 12, 2001, Hutton waived her right to a jury trial which had been scheduled for January 29, and the case was set for a bench trial on February 14. On February 9, Hutton filed an application for discharge alleging that her constitutional and statutory rights to a speedy trial had been violated. The February 14 trial date was continued, and instead, Hutton's discharge hearing was heard on that date. The district court took Hutton's application under advisement and subsequently overruled the application on April 4. On April 30, Hutton filed a second application for discharge, which was again denied by the district court on May 2. Hutton now appeals from the May 2 order denying her second application for discharge.

## ASSIGNMENT OF ERROR

On appeal, Hutton alleges that the district court erred in failing to grant her application for discharge that was based on a

violation of her statutory right to a speedy trial under Neb. Rev. Stat. § 29-1207 (Reissue 1995). Hutton does not argue a violation of her constitutional right to a speedy trial.

## STANDARD OF REVIEW

Ordinarily, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Knudtson*, 262 Neb. 917, 636 N.W.2d 379 (2001).

## ANALYSIS

Hutton's sole assignment of error on appeal is that the district court erred in failing to grant her application for discharge that was based on a violation of her statutory rights to a speedy trial under § 29-1207.

Section 29-1207(1) provides that every person indicted or informed against for any offense shall be brought to trial within 6 months. *Knudtson, supra.* If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he shall be entitled to his absolute discharge from the offense charged. *Id.* The primary burden of bringing an accused person to trial within the time provided by law is upon the State, and the failure to do so entitles the defendant to an absolute discharge. *Id.* To avoid a defendant's absolute discharge from an offense charged, the State must prove by a preponderance of the evidence the existence of a period of time which is authorized by § 29-1207(4) to be excluded in computing the time for commencement of the defendant's trial. *Knudtson, supra.*

Although Nebraska's speedy trial act expressly refers to indictments and informations, the act also applies to prosecutions on complaint. *State v. French*, 262 Neb. 664, 633 N.W.2d 908 (2001). In cases *commenced and tried in county court*, the 6-month period within which an accused must be brought to trial begins to run on the date the complaint is filed. *Id.*

It is also well established that the statutory 6-month speedy trial period commences to run from the date the information is filed and not from the time the complaint is filed. The Nebraska Supreme Court in *State v. Boslau*, 258 Neb. 39, 43, 601 N.W.2d 769, 772-73 (1999), although analyzing Nebraska's speedy trial act in relation to direct informations filed initially in

district court, set forth the procedure and application of the act in cases similar to the one at hand as follows:

> Ordinarily, when an individual is charged with the commission of a felony such as criminal mischief, a complaint is filed in county court. See, generally, Neb. Rev. Stat. § 29-110 (Reissue 1995). Thereafter, a preliminary hearing is held to determine if probable cause exists to charge the defendant with the commission of the crime or crimes as alleged in the complaint. Neb. Rev. Stat. § 29-504 (Reissue 1995). If probable cause is found, the defendant is bound over to the district court, where he or she is held unless bail is set and posted. Neb. Rev. Stat. § 29-506 (Reissue 1995). Once the defendant is bound over to district court, the State files an information with the district court, setting forth the charge or charges against the defendant. Under the foregoing scenario, pursuant to § 29-1207, *the statutory 6-month speedy trial period begins to run upon the filing of the information in district court* which is subsequent to the preliminary hearing. [Neb. Rev. Stat.] § 29-1607 [(Reissue 1995)].

(Emphasis supplied.)

In the instant case, the plain language of the statute compels us to conclude that the 6-month speedy trial period did not commence to run until the information was filed on October 31, 2000.

Hutton argues that the time when the amended complaint charging her with a misdemeanor was pending in the county court, beginning August 17, 2000, should be tacked on in calculating the 6-month period.

The time chargeable against the State under Nebraska's speedy trial act commences with the filing of an initial information against a defendant; the time chargeable to the State ceases, or is tolled, during the interval between the State's dismissal of the initial information and the refiling of an information charging the defendant with the *same crime* alleged in the previous, but dismissed, information. *State v. Trammell*, 240 Neb. 724, 484 N.W.2d 263 (1992). When the State dismisses an information against a defendant and refiles another information charging the defendant with the *same offense* alleged in the previous information, the periods during which the informations are pending for

the same offense must be combined in determining the last day for commencement of trial under Nebraska's speedy trial act. *Id.*

The Supreme Court has recently enunciated a new rule in *State v. French*, 262 Neb. 664, 670, 633 N.W.2d 908, 914 (2001), with regard to charges of different crimes, as follows:

> We hold that an amended complaint or information which charges a *different crime*, without charging the original crime(s), constitutes an abandonment of the first complaint or information and acts as a dismissal of the same. The time between the dismissal and refiling of the same or a similar charge is not includable in calculating the 6-month time period set forth in § 29-1207. See *State v. Batiste*, 231 Neb. 481, 437 N.W.2d 125 (1989).

(Emphasis supplied).

In determining whether the amended complaint or information charges the same crime or a totally different crime, the Supreme Court has stated:

> If the amendment to the complaint or information does not change the nature of the charge, then obviously the time continues to run against the State for purposes of the speedy trial act. If the second complaint alleges a different crime, without charging the original crime(s), then it is an amended complaint or information and it supersedes the prior complaint or information. The original charges have been abandoned or dismissed.

*State v. French*, 262 Neb. at 670, 633 N.W.2d at 914.

While the previous complaints in this action all alleged the same crime, theft by shoplifting, as that alleged in the information, it does not follow that the time during which the amended complaint was pending should be tacked onto the speedy trial period as argued by Hutton. The plain language of § 29-1207 makes it clear that the 6-month period begins to run upon the filing of the information in district court. The time when an underlying complaint is pending in county court before the defendant is bound over to district court is not counted. See *State v. Boslau*, 258 Neb. 39, 601 N.W.2d 769 (1999). In *Trammell, supra*, the original complaint was filed September 10, 1987. An information was subsequently filed on November 3, which was later dismissed on February 2, 1988. On June 15, 1989, a second

complaint was filed, followed by a second information filed on November 20, charging the same crimes as the first information. Trammell argued that the interval between the filing of the second complaint and the filing of the second information should be included in determining when his 6-month speedy trial period commenced. The court disagreed and counted only the periods during which the two informations were pending.

In the instant case, according to *Trammell, supra*, Hutton's speedy trial time should be calculated from the date on which the information was filed in Sarpy County District Court (October 31, 2000), and not the date on which the State amended its misdemeanor complaint back to the original felony charge (October 23) or the date the original complaint was amended to a misdemeanor offense (August 17).

With regard to the periods of time that are excluded in computing the time for trial, § 29-1207(4) states in part that the time from filing until final disposition of pretrial motions of the defendant shall be excluded. Thus, the periods of time that are excluded and not charged against the State in computing Hutton's time for trial under § 29-1207(4) are as follows: (1) the 54 days between the date Hutton filed her first application for discharge (February 9, 2001) and the date the district court overruled her application (April 4), and (2) the 2 days between the date Hutton filed her second application for discharge (April 30) and the date it was overruled (May 2). Therefore, the period of time between October 31, 2000, and May 2, 2001, is 6 months and 2 days. When the 56 days that are excludable under § 29-1207(4) are subtracted, it is clear that Hutton's statutory right to a speedy trial was not violated.

## CONCLUSION

We conclude that Hutton's right to a speedy trial has not been violated and that the district court's determination that the State was within the 6-month limit provided for in § 29-1207(1) was not clearly erroneous.

AFFIRMED.