STATE OF NEBRASKA, APPELLEE, V.
STEVEN L. TIMMERMAN, APPELLANT.
687 N.W.2d 24

Filed October 5, 2004.   No. A-03-1238.

Kevin K. Knake and Jerry J. Fogarty, Deputy Hall County Public Defenders, for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

INBODY, MOORE, and CASSEL, Judges.

INBODY, Judge.

## INTRODUCTION

Steven L. Timmerman appeals the decision of the Hall County District Court denying his motion for discharge based upon the

alleged violation of his statutory right to a speedy trial. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

On February 3, 2003, a complaint was filed in the Hall County Court charging Timmerman with one felony count of driving under the influence of alcohol and three misdemeanor counts: driving during suspension, refusal to submit to a chemical test, and refusal to submit to a preliminary breath test. On April 4, an information was filed in the Hall County District Court charging Timmerman with these same offenses.

A pretrial conference was scheduled for August 7, 2003. On that date, Timmerman moved to continue the pretrial conference. The district court granted the motion and continued the pretrial conference to September 11.

On August 27, 2003, Timmerman filed a motion to suppress, which was denied on September 17. On October 1, Timmerman filed a motion for discharge on statutory speedy trial grounds, which was denied by the court on October 16. Timmerman has timely appealed to this court.

## ASSIGNMENT OF ERROR

Timmerman's sole assigned error is that the district court erred in denying his motion for discharge.

## STANDARD OF REVIEW

As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Baker,* 264 Neb. 867, 652 N.W.2d 612 (2002). To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *Id.*

## ANALYSIS

*Statutory Right to Speedy Trial.*

On appeal, Timmerman contends that the district court erred in denying his motion for discharge based upon the alleged violation of his statutory right to a speedy trial. He claims that the time the

complaint was pending in county court should be tacked on for purposes of the speedy trial calculation. We note that Timmerman has not alleged that his constitutional right to a speedy trial has been violated, and thus, we will not address that issue.

Neb. Rev. Stat. § 29-1207 (Reissue 1995) provides that every person charged for any offense shall be brought to trial within 6 months of the date the information is filed. Section 29-1207 also provides for certain periods of time that are excludable in computing the 6-month limitation, such as the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence, and the period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel. Neb. Rev. Stat. § 29-1208 (Reissue 1995) provides: "If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he shall be entitled to his absolute discharge from the offense charged and for any other offense required by law to be joined with that offense."

The Nebraska Supreme Court in *State v. Boslau*, 258 Neb. 39, 43, 601 N.W.2d 769, 772-73 (1999), although analyzing the speedy trial act in relation to direct informations filed initially in district court, set forth the procedure and application of the speedy trial act in cases similar to the case at bar as follows:

> Ordinarily, when an individual is charged with the commission of a felony . . . a complaint is filed in county court. See, generally, Neb. Rev. Stat. § 29-110 (Reissue 1995). Thereafter, a preliminary hearing is held to determine if probable cause exists to charge the defendant with the commission of the crime or crimes as alleged in the complaint. Neb. Rev. Stat. § 29-504 (Reissue 1995). If probable cause is found, the defendant is bound over to the district court, where he or she is held unless bail is set and posted. Neb. Rev. Stat. § 29-506 (Reissue 1995). Once the defendant is bound over to district court, the State files an information with the district court, setting forth the charge or charges against the defendant. Under the foregoing scenario, pursuant to § 29-1207, the statutory 6-month speedy trial period begins to run upon the filing of the information in district

court which is subsequent to the preliminary hearing. [Neb. Rev. Stat.] § 29-1607 [(Reissue 1995)].

In *State v. Hutton*, 11 Neb. App. 286, 648 N.W.2d 322 (2002), this court considered an argument similar to the one raised by Timmerman. In *Hutton*, the defendant, who had been charged with felony shoplifting, alleged that the time that an earlier complaint charging her with misdemeanor shoplifting was pending in county court should be tacked on in calculating the 6-month speedy trial period. We rejected that argument, noting:

> While the previous complaints in this action all alleged the same crime, theft by shoplifting, as that alleged in the information, it does not follow that the time during which the amended complaint was pending should be tacked onto the speedy trial period as argued by [the defendant]. The plain language of § 29-1207 makes it clear that the 6-month period begins to run upon the filing of the information in district court. The time when an underlying complaint is pending in county court before the defendant is bound over to district court is not counted.

*State v. Hutton*, 11 Neb. App. at 291, 648 N.W.2d at 327.

In sum, Nebraska case law and the plain language of § 29-1207 make it clear that the 6-month speedy trial period begins to run upon the filing of the information in district court. See *State v. Hutton, supra*. The time during which an underlying complaint is pending in county court before the defendant is bound over to district court is not counted. See, *State v. Boslau, supra*; *State v. Hutton, supra*.

The final trial date under § 29-1207 is determined by excluding the date the information was filed, counting forward 6 months, backing up 1 day, and then adding the excludable time periods to that date. See *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991).

In the instant case, the information was filed in the Hall County District Court on April 4, 2003. Therefore, absent periods of exclusion, Timmerman's trial must have commenced by October 3. However, there are excludable time periods which must be considered in this case.

Timmerman filed a motion to suppress on August 27, 2003, which motion was not ruled on until September 17. Further, on

August 7, 2003, Timmerman requested a continuance of a pretrial conference, which continuance was granted, and the matter was continued until September 11. The period of delay resulting from a continuance of a pretrial conference at a defendant's request is excludable from speedy trial calculations. See *State v. Dailey*, 10 Neb. App. 793, 639 N.W.2d 141 (2002) (delay of 6 days due to defendant's request for continuance of pretrial conference was excludable from statutory speedy trial period, even though purpose of defendant's request was to respond to motions filed by State). Thus, the time period from the day after the filing of the first pretrial motion to the date that the motion to suppress was denied (August 8 to September 17), consisting of 41 days, is excludable in the speedy trial calculations.

Furthermore, Timmerman filed his motion for discharge on October 1, 2003. Thus, the period of time from October 2 until October 16, when the court ruled on the motion, is also excluded from calculations. Thus, an additional 15 days is excludable. Additionally, the time during which an appeal is pending before an appellate court is excluded from speedy trial calculations. See *State v. Feldhacker*, 11 Neb. App. 608, 657 N.W.2d 655 (2003). Thus, the time during which Timmerman's appeal has been pending before this court is excluded.

In sum, when the court ruled on Timmerman's motion for discharge, 2 days remained on the speedy trial clock, plus there is an additional 56 (41+15) days of excludable time. Thus, under the Nebraska speedy trial act, there are 58 days remaining in which to bring Timmerman to trial, beginning when the district court takes action on the mandate.

### Application to Misdemeanor Offenses.

Timmerman also contends that the statutory speedy trial time has run on the misdemeanor offenses because the time from the filing of the complaint in county court must be tacked onto the time that the case was pending in district court.

Although Nebraska's speedy trial act expressly refers to indictments and informations, the act also applies to prosecutions on complaint. *State v. French*, 262 Neb. 664, 633 N.W.2d 908 (2001); *State v. Hutton*, 11 Neb. App. 286, 648 N.W.2d 322 (2002). In cases commenced *and tried in county court*, the

6-month period within which an accused must be brought to trial begins to run on the date the complaint is filed. *Id.*

In the instant case, although the misdemeanors were originally charged in the county court, it is clear that the State intended that the misdemeanors be tried not in the county court, but in the district court along with the felony. Thus, the time that the complaint was pending in the county court is not tacked on for speedy trial purposes.

Furthermore, we note that Neb. Rev. Stat. § 29-2002(1) (Reissue 1995) provides:

> Two or more offenses may be charged in the same indictment, information, or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Since the misdemeanors charged in the instant case (driving during suspension, refusal to submit to a chemical test, and refusal to submit to a preliminary breath test) were based on the same transaction as the felony charge (driving under the influence of alcohol), these counts were properly charged in the same information. Where misdemeanor counts are filed with a felony count in a complaint in county court and then the felony count is filed with those same misdemeanor counts in an information in district court, it is evidence of the State's intent to try the charges together. Additionally, we note that trying these counts together conserves judicial resources, because the alleged offenses arose out of the same transaction. However, we do note that factual scenarios which differ from those in the instant case could produce a different result.

## CONCLUSION

Having found that Timmerman's statutory right to a speedy trial has not been violated on either the felony charge or the misdemeanor charges, we affirm the decision of the district court denying Timmerman's motion for discharge.

AFFIRMED.