16 Neb. App. 362
STATE OF NEBRASKA, APPELLEE,
v.
RODNEY E. BLAKEMAN, APPELLANT.
No. A-07-103.
Court of Appeals of Nebraska.
Filed January 29, 2008.
Bell Island, of Island, Huff & Nichols, P.C., L.L.O., for appellant.
Jon Bruning, Attorney General, and Erin E. Leuenberger for appellee.
IRWIN, SIEVERS, and MOORE, Judges.
IRWIN, Judge.

I. INTRODUCTION
Rodney E. Blakeman appeals an order of the district court for Box Butte County, Nebraska, denying Blakeman's motion for absolute discharge on the basis of alleged statutory and constitutional speedy trial violations. Although Blakeman was ultimately charged in an information filed in the district court with two felonies, two misdemeanors, and three infractions, he seeks to have this court declare that the time during which a complaint and amended complaint were pending in county court should be "tacked" onto the time the information was pending to calculate the speedy trial time. With respect to the felony offenses, we find Blakeman's request directly contrary to established law. With respect to the misdemeanor and infraction offenses, we decline to determine whether the time should be tacked on, because even according to Blakeman's argument his speedy trial rights were not violated. We affirm.

II. BACKGROUND
We have reviewed the record in its entirety. Because the relevant factual matters in this appeal concern the dates of various filings, motions, and rulings thereon, we will set forth relevant factual matters in the discussion section below.

III. ASSIGNMENT OF ERROR
Blakeman's only assignment of error is that the district court erred in denying his motion for absolute discharge.

IV. ANALYSIS

1. STANDARD OF REVIEW
[1] As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. State v. Sommer, 273 Neb. 587, 731 N.W.2d 566 (2007).

2. STATUTORY RIGHT TO SPEEDY TRIAL
Blakeman argues that the district court erred in failing to find a violation of "the speedy trial act." See brief for appellant at 4. As such, we first address whether the motion to discharge should have been sustained on statutory grounds, pursuant to Neb. Rev. Stat. § 29-1207 (Reissue 1995). We conclude that Blakeman's statutory speedy trial right was not violated with respect to the felony offense or with respect to the misdemeanor and infraction offenses.
[2-4] Section 29-1207 provides that every person charged for any offense shall be brought to trial within 6 months of the day the information is filed. The final trial date under § 29-1207 is determined by excluding the date the information was filed, counting forward 6 months, and then backing up 1 day. State v. Schmader, 13 Neb. App. 321, 691 N.W.2d 559 (2005). Although Nebraska's speedy trial act expressly refers to indictments and informations, the act also applies to prosecutions on complaint. See id. In cases commenced and tried in county court, the 6-month period within which an accused must be brought to trial begins to run on the date the complaint is filed. See id. If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he shall be entitled to his absolute discharge from the offense charged. State v. Knudtson, 262 Neb. 917, 636 N.W.2d 379 (2001).

(a) Felony Offenses
We first address the speedy trial calculation for the two felony offenses charged in the information. Based on a plain reading of existing authority, we conclude that the motion for discharge was properly denied concerning the felony offenses, because the clock did not properly start to run until the information was filed, approximately 3 months prior to Blakeman's motion for discharge.
[5] When considering felony offenses, it is well established that the statutory 6-month speedy trial period commences to run from the date the information is filed in district court and not from the time a complaint is filed in county court. See State v. Hutton, 11 Neb. App. 286, 648 N.W.2d 322 (2002). In State v. Hutton, this court applied that rule to a situation where a complaint initially charged a felony shoplifting offense, an amended complaint was filed changing the charge to a misdemeanor shoplifting offense, and another amended complaint was filed changing the charge back to a felony shoplifting offense. In that situation, the clock did not start to run until an information was eventually filed in district court, and none of the time that any of the complaints was pending in county court was tacked on in calculating the 6-month speedy trial time.
In the instant case, the information charging Blakeman with two felony offenses, including felony driving under the influence, was filed on October 24, 2006. The fact that Blakeman was previously charged with misdemeanor driving under the influence in the initial complaint is comparable to the fact that the defendant in State v. Hutton was, for a time, charged with a misdemeanor offense instead of the felony offense. Just as we did in State v. Hutton, we conclude that the clock did not start to run until the information was filed in district court, regardless of what charges were alleged in the previous complaints filed in county court.
Because we conclude that the clock did not begin to run with respect to the two felony offenses until the information was filed in district court on October 24, 2006, Blakeman's motion for discharge filed on January 29, 2007, only came approximately 3 months after the clock began to run. The district court was not clearly erroneous in finding that the motion should be denied, with respect to the felony offense.

(b) Misdemeanor and Infraction Offenses
We next address the speedy trial calculation for the two misdemeanor offenses and the three infraction offenses. We conclude that even if Blakeman's argument that some period of time during which these offenses were pending in county court pursuant to a complaint should be included in the speedy trial calculation, the district court was not clearly erroneous in denying the motion for discharge. Even if Blakeman's argument has merit, an issue we explicitly decline to resolve, the 6-month time period would not have expired on January 29, 2007, when Blakeman filed his motion.
Blakeman argues that the lesson to be learned by a reading of State v. Boslau, 258 Neb. 39, 601 N.W.2d 769 (1999); State v. Timmerman, 12 Neb. App. 934, 687 N.W.2d 24 (2004); and State v. Hutton, supra, is that the clock should begin to run when the trial court has "the ability" to hear the matter. Brief for appellant at 5. Blakeman argues that when the initial complaint was filed, the county court had the ability to hear the misdemeanor and infraction offenses, and that accordingly, the clock should have started to run with respect to those offenses when the initial complaint was filed.
Blakeman argues that State v. Timmerman, supra, demonstrates that when felony and misdemeanor offenses are both charged together in a complaint, the clock does not start with respect to any of the offenses until the information is filed because including all of the offenses in the same charging document indicates an intent to try the misdemeanor offenses in the district court along with the felony offenses. In State v. Timmerman, this court held that "although the misdemeanors were originally charged in the county court, it [was] clear that the State intended that the misdemeanors be tried not in the county court, but in the district court along with the felony" that was also charged in the original complaint. 12 Neb. App. at 939, 687 N.W.2d at 28. Blakeman argues that the present case is different because the initial complaint did not charge any felony offenses, indicating an intent to try all of the misdemeanor and infraction offenses in the county court.
Even assuming, however, that we accept Blakeman's argument and consider the possibility that the clock could start to run with respect to the misdemeanor and infraction offenses when the initial complaint was filed, Blakeman's own logic would demonstrate that the 6-month period had not yet run when Blakeman filed his motion for discharge. If the initial complaint indicated an intent to try the misdemeanor offenses in county court, and if that indication of intent was sufficient to start the clock running, then the filing of the amended complaint charging felony offenses along with the misdemeanor and infraction offenses would indicate an intent to no longer try the misdemeanor and infraction offenses in county court. Rather, the amended complaint would indicate an intent to proceed with trying all of the offenses in the district court. See State v. Timmerman, supra. Thus, the clock would "stop" when the amended complaint was filed in county court and would not start again until the information was filed in district court.
The initial complaint was filed on May 8, 2006. If we accept Blakeman's argument, the last day to bring him to trial would have been November 8, if there were no excludable time periods. As noted, however, accepting Blakeman's argument also means that the time between the filing of the amended complaint on August 18 and the filing of the information on October 24, a period of 67 days, would be considered excludable time. This would move the last day to bring Blakeman to trial to January 14, 2007. January 14, 2007, was a Sunday, so the proper date for our purposes would be January 15, 2007.
Additionally, Blakeman was granted a continuance from May 11 to May 18, 2006, a period of 7 days; and a continuance from July 6 to August 3, 2006, a period of 28 days. Adding these 35 days to the calculation would move the last day to bring Blakeman to trial to February 19, 2007.
We additionally note that Blakeman filed a motion for discovery on August 4, 2006. The record presented to us does not indicate whether that motion was ever ruled on or what impact it should have on the speedy trial calculations. As such, and because it is not necessary to our resolution, we need not consider this motion in our calculation.
At the very least, even assuming we accept Blakeman's argument that the clock should have started to run when the initial complaint was filed, the speedy trial time would not yet have expired when Blakeman filed his motion for absolute discharge. At the very least, the speedy trial time would not have expired before February 19, 2007, 21 days after Blakeman's motion was filed. We need not expressly determine whether Blakeman's argument does have merit, because even if it does, his argument on appeal is without merit. The district court was not clearly erroneous in overruling the motion to discharge with respect to the misdemeanor and infraction offenses.

3. CONSTITUTIONAL SPEEDY TRIAL
Although Blakeman's motion for discharge referenced both his statutory and constitutional speedy trial rights, his brief on appeal does not assign or argue any issue concerning his constitutional speedy trial right. As such, we will not further address the issue. See State v. Karch, 263 Neb. 230, 639 N.W.2d 118 (2002) (appellate court does not review questions concerning constitutional speedy trial right when not raised in both trial and appellate court).

V. CONCLUSION
We find no merit to Blakeman's assertions that the district court erred in denying his motion for discharge. We affirm.
AFFIRMED.