IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. YOST

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JERAD J. YOST, APPELLANT.

Filed May 2, 2023.    No. A-22-361.

Appeal from the District Court for Sarpy County: STEFANIE A. MARTINEZ, Judge. Affirmed.

Patrick Boylan, Chief Deputy Sarpy County Public Defender, for appellant.

Michael T. Hilgers, Attorney General, and Erin E. Tangeman for appellee.

RIEDMANN, BISHOP, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Jerad J. Yost appeals the Sarpy County District Court's denial of his motion for discharge based upon the violation of his right to a speedy trial. Yost contends that he raised his constitutional right to a speedy trial in the district court but the court failed to rule on that claim. He also claims that the district court erred in denying his motion for discharge based upon a claimed violation of his statutory right to a speedy trial because the district court erroneously relied upon *State v. Timmerman*, 12 Neb. App. 934, 687 N.W.2d 24 (2004). For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

### COUNTY COURT PROCEEDINGS

On July 7, 2020, the State filed a complaint in Sarpy County Court charging Yost with terroristic threats, a Class IIIA felony; third degree domestic assault, a Class I misdemeanor;

intimidation by phone call or electronic communication, a Class III misdemeanor; stalking, a Class I misdemeanor; and disturbing the peace, a Class III misdemeanor. Following a preliminary hearing, on September 18, 2020, the county court bound over the terroristic threats charge to the district court. The county court's journal entry stated that the "[c]ourt takes no action regarding the misdemeanor charges contained in the complaint."

DISTRICT COURT PROCEEDINGS

On October 6, 2020, which was after the terroristic threats charge had been bound over to the district court, but before the information was filed, Yost filed a plea in abatement.

On December 10, 2020, the State filed an information charging Yost with terroristic threats, a Class IIIA felony.

On December 22, 2020, the Sarpy County District Court overruled Yost's plea in abatement.

On January 20, 2021, the State filed an amended information which added the four misdemeanor charges which had been originally charged in the county court. The information was amended a second time with slight modification to the language of the felony terrorist threats charge.

During the pendency of this case, Yost filed numerous pretrial motions with the district court including, but not limited to, motions for discovery and depositions, motions to continue, motions for defense counsel to withdraw, motions for funds to hire an investigator and an expert witness on electronic communication and cellular tower technology, and motions in limine.

On March 11, 2022, Yost filed a motion for discharge of the misdemeanor counts contained in the second amended information, alleging that his statutory and constitutional rights to a speedy trial had been violated. A hearing thereon was held on March 16. During that hearing, Yost's counsel stated that "We're relying on the – on the statutory right to a speedy trial, not the constitutional one at this point." The trial was rescheduled for May 10.

DISTRICT COURT ORDER

On May 3, 2022, the district court overruled Yost's motion for discharge "in its entirety." Here, the district court found that the following events occurred with respect to the speedy trial clock:

> October 6, 2020: Plea in Abatement filed. Speedy trial clock stops.
>
> December 10, 2020: The Information is filed.
>
> December 22, 2020: The Order on the Plea in Abatement is filed overruling the same. The speedy trial clock starts. The last day to begin trial is June 22, 2021.
>
> June 7, 2021: [Yost's] Motion to Continue Jury trial is filed. Speedy trial is tolled.
>
> June 10, 2021: Motion to Continue is granted. Speedy trial is tolled until September 14, 2021.
>
> August 31, 2021: State's Motion to Continue Jury trial is filed.
>
> September 14, 2021: [Yost's] waiver of objection to continuance. Speedy trial tolled until January 25, 2022.

- 2 -

January 12, 2022: [Yost's] Motion to Continue Jury trial filed. Speedy trial remains tolled.

January 18, 2022: Motion to Continue is granted. Speedy trial is tolled until April 12, 2022.

March 15, [sic] 2022: [Yost] files a Motion to Discharge. The speedy trial clock remains tolled.

The district court held:

Thus, 167 days have run on the speedy trial clock for the time period between the filing of the Information and [Yost's] Motion to Discharge. [Yost] argues that speedy trial on the misdemeanor charges contained in Counts 2 through 5 began to run on July 7, 2020, the date of the Complaint filed in County Court. Said charges were not added to the case in District Court until January 20, 2021, when the State filed an Amended Information after having been granted leave by the Court. The Court finds this argument unpersuasive under *State v. Timmerman*, 12 Neb. App. 934, 687 N.W.2d 24 (2004) which has determined that speedy trial does not begin to be counted on misdemeanor charges in the above circumstances until they are filed on an Information in District Court. See also *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014). Accordingly, based on the above calculations, the Court finds that the speedy trial clock has not run as it relates to the Information filed in this case.

Moreover, based on [Yost's] Motion to Continue trial filed on June 7, 2021, he in effect has waived his right to speedy trial because his request for continuance extended the trial date beyond the June 22, 2021, . . . statutory six-month period.

The district court erroneously stated that Yost's motion for discharge was filed on March 15, 2022; it was actually filed on March 11. Yost has timely appealed to this court.

## ASSIGNMENTS OF ERROR

Yost contends that the district court erred in failing to rule on his claim that his constitutional right to a speedy trial had been violated and that the district court erred in denying his motion for absolute discharge of the misdemeanor charges based upon the violation of his statutory right to a speedy trial.

## STANDARD OF REVIEW

Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Bixby*, 311 Neb. 110, 971 N.W.2d 120 (2022).

## ANALYSIS

### CONSTITUTIONAL RIGHT TO SPEEDY TRIAL

Yost's first assignment of error is that the district court erred in failing to rule on his motion for discharge regarding the alleged violation of his constitutional right to a speedy trial.

Although Yost's motion for discharge initially raised both his statutory and constitutional rights to a speedy trial, at the hearing thereon, his trial counsel only submitted the alleged violation of his statutory speedy trial for the court's consideration, "not the constitutional one at this point." Because the only issue argued before the district court was the alleged violation of Yost's statutory right to a speedy trial, we only consider that claim on appeal. We further note that because "a pretrial order denying a motion for discharge on constitutional speedy trial grounds does not affect a substantial right in a special proceeding," this court lack jurisdiction over Yost's constitutional speedy trial claim at this stage of litigation. See *State v. Abernathy*, 310 Neb. 880, 891, 969 N.W.2d 871, 879 (2022). This assignment of error fails.

### DENIAL OF MOTION FOR DISCHARGE BASED ON STATUTORY RIGHT TO SPEEDY TRIAL

Yost's second assignment of error is that the district court erred in denying his motion for discharge based upon his statutory right to a speedy trial. Specifically, he contends that the district court misapplied *State v. Timmerman*, 12 Neb. App. 934, 687 N.W.2d 24 (2004), in denying his motion for discharge. Yost does not dispute the district court's calculation and findings if the speedy trial period commenced to run from the date the information was amended in the district court to include the misdemeanor charges. Rather, Yost argues that, under the circumstances of this case, the speedy trial clock began to run from the date the complaint containing the misdemeanor charges was filed in county court and not from the date the amended information was filed in the district court.

In *State v. Boslau*, 258 Neb. 39, 43, 601 N.W.2d 769, 772-73 (1999), the Nebraska Supreme Court held:

> Ordinarily, when an individual is charged with the commission of a felony such as criminal mischief, a complaint is filed in county court. See, generally, Neb. Rev. Stat. § 29-110 (Reissue 1995). Thereafter, a preliminary hearing is held to determine if probable cause exists to charge the defendant with the commission of the crime or crimes as alleged in the complaint. Neb. Rev. Stat. § 29-504 (Reissue 1995). If probable cause is found, the defendant is bound over to the district court, where he or she is held unless bail is set and posted. Neb. Rev. Stat. § 29-506 (Reissue 1995). Once the defendant is bound over to district court, the State files an information with the district court, setting forth the charge or charges against the defendant. Under the foregoing scenario, pursuant to § 29-1207, the statutory 6-month speedy trial period begins to run upon the filing of the information in district court which is subsequent to the preliminary hearing. § 29-1607.

Notwithstanding that explicit statement of the rule governing the commencement of the speedy trial clock, Yost assigns and argues that in *State v. Timmerman*, 12 Neb. App. 934, 687 N.W.2d 24 (2004), this court provided an exception to that rule. Yost argues that, although our opinion in *Timmerman* cited to *Boslau, supra*, and *State v. Hutton*, 11 Neb. App. 286, 648 N.W.2d 322 (2002), in finding that the six-month speedy trial period begins to run from the date the information is filed in district court and the time in which the underlying complaint is pending in county court is not counted, we stated that "We note that Timmerman has not alleged that his

constitutional right to a speedy trial has been violated, and thus, we will not address that issue." *State v. Timmerman*, 12 Neb. App. at 936, 687 N.W.2d at 26. Yost argues that because he did allege a constitutional violation, a different rule applies in those circumstances.

In *Timmerman, supra*, this court held that where misdemeanors were originally charged in county court but where "it is clear that the State intended that the misdemeanors be tried not in the county court, but in the district court along with the felony," the time that the complaint was pending in the county court is not tacked on for speedy trial purposes. *Id.*, 12 Neb. App. at 939, 687 N.W.2d 28. Our statement in *Timmerman* acknowledging that the defendant had not alleged a violation of his constitutional right to a speedy trial was mentioned to highlight that we were only considering the alleged violation of his statutory right to a speedy trial, not that alleging the constitutional right would have had some impact on our analysis of the statutory speedy trial right. Whether a constitutional speedy trial right was alleged did not affect our analysis in *Timmerman* and the district court did not err in relying upon that case. The district court properly determined that the speedy trial clock on the misdemeanor charges started to run upon the filing of the amended information containing the misdemeanor charges on January 20, 2021. This assigned error fails.

CONCLUSION

Having considered and rejected Yost's claims regarding the district court's denial of his motion for discharge, the order of the district court is affirmed.

AFFIRMED.